[No. 18300.  Department Two.—September 26, 1894.]

NELSON   BOUCHE, APPELLANT, *v.*  JAMES   A. LOUTTIT, RESPONDENT.

ASSIGNMENT—NON-NEGOTIABLE NOTE.—An assignee of a non-negotiable note takes it subject to any defense of the maker against the assignor.

GUARANTY OF DEFICIENCY OF MORTGAGE DEBT—DELAY OF MORTGAGEE. A guarantor for the payment to a mortgagee of the deficiency of the indebtedness secured by the mortgage, under a contract of guaranty, whereby the mortgagee agreed that at the maturity of the mortgage indebtedness he would at once collect the same by a foreclosure of the mortgage, is released from liability by the delay of the mortgagee for nearly four years to resort to a foreclosure of the mortgage.

ID.—PREMATURE ACTION ON GUARANTY.—An action to enforce such a guaranty is premature if brought prior to the sale of the mortgaged premises in the foreclosure suit.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. J. Paulsell*, and *E. R. Thompson*, for Appellant.

*Louttit, Woods & Levinsky*, and *Allin L. Rhodes*, for Respondent.

TEMPLE, C.—This action is upon a non-negotiable promissory note executed June 1, 1881, by defendant to one H. E. Williamson.  Defendant was not indebted to Williamson, but the note was intended as collateral security for the obligation of D. and A. Bolte, who on that day borrowed from Williamson the sum of eleven hundred dollars.  The Bolte note was also secured by a mortgage on land in Calaveras county.  The understanding between Louttit and Williamson was that when the Bolte note became due Williamson would proceed at once to collect the same by foreclosure of the mortgage, and that Louttit would be liable upon his note, given as collateral, only for the deficiency, if any.

The Bolte note became due August 1, 1882.  But no

action was instituted and no steps taken to collect the same until 1886, when an action was commenced to foreclose. The amount of judgment for principal and interest and costs, and including costs of sale, amounted to two thousand five hundred and eighteen dollars and fifty cents. The amount realized from the sale, which was had July 23, 1887, was one thousand eight hundred dollars. This suit was commenced July 31, 1886.

Upon these facts the trial court held that plaintiff could not recover, and I think the conclusion must be sustained. The note was non-negotiable, and therefore in the hands of the assignee any defense could be made which would have been good against the assignor. It also appears to have been assigned after it became due.

The contract of Louttit was that of a guarantor of the deficiency after the mortgage security had been exhausted. It was the duty of the holder to proceed at once to realize upon the other security, and this he expressly agreed to do in the contract of guaranty. It needs no argument to show that a delay of nearly four years after the principal note became due is unreasonable.

Furthermore, the action was prematurely brought. The guaranty was to pay the deficiency, and there was no deficiency until the sale of the mortgaged premises, and the sale took place after the suit was brought.

I think the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

DE HAVEN, J., FITZGERALD, J., McFARLAND, J.