[Sac. No. 872.   In Bank. — August 13, 1901.]

# MARGARETHA MEYER, Appellant, v. C. M. WEBER et al., Respondents.

MORTGAGE — ANTEDATED NOTE — RECITAL — DELIVERY — PARTS OF SAME TRANSACTION. — An antedated note, which recites that it is secured by mortgage, and which was delivered cotemporaneously with the mortgage which secured it, must be deemed part of the same transaction with the mortgage, and must be construed together with it.

ID. — INSEPARABLE CONNECTION — NON-NEGOTIABILITY OF NOTE — CONTINGENCIES IN MORTGAGE — FORECLOSURE — ATTORNEY'S FEES — DEFENSE. — Where the note was payable in ten years, to the order of the payee, with compound interest, and the mortgage provided for maturity thereof, and foreclosure upon default in payment of interest, upon which contingency foreclosure was sought, and the mortgage also provided for attorney's fees to be included in the decree of foreclosure, the note and mortgage must be deemed inseparably connected, and the terms and contingencies specified in the mortgage must be deemed part of the note, rendering it non-negotiable, and subject, in the hands of an assignee of the note and mortgage, to the defense of total failure of consideration thereof, as against the payee. [McFarland, J., Henshaw, J., and Beatty, C. J., dissenting.]

ID. — LIABILITY OF MORTGAGOR CONTINGENT UPON DEFICIENCY. — There can be no independent action in this state upon a note secured by mortgage; and the personal liability of the mortgagor, whatever the form of the debt, is necessarily contingent and dependent upon the fact whether upon the sale of the mortgaged premises there shall be a deficiency.

ID. — NOTE, WHEN NEGOTIABLE — PERSONAL CREDIT — INDEPENDENCE OF CONTINGENCY OR CONDITION — ABSENCE OF OTHER CONTRACT. — A promissory note, in order to be negotiable, must carry with it a personal credit given to the maker, which does not depend upon any contingent event, and is without any condition not certain of fulfillment, and does not contain any other contract than its negotiable terms.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

Nicol, Orr & Nutter, for Appellant.

J. B. Hall, for Respondents.

VAN DYKE, J.— The Woodbridge Canal and Irrigation Company, a corporation, being indebted to the plaintiff in the sum of $3,280, on July 28, 1894, executed to the plaintiff its promissory note for that amount, and, to secure the same, at the same time executed its mortgage upon a tract of land in San Joaquin County, and also, at the same time, as further security, indorsed and assigned to the plaintiff the note and mortgage in suit. The note reads as follows:—

"$1,963.66.                WOODBRIDGE, CAL., May 28, 1894.

"Ten years after date, we promise to pay to the Woodbridge Canal and Irrigation Company, or order, the sum of nineteen hundred sixty-three 66-100 dollars, payable only in gold coin of the government of the United States, for value received, with interest thereon, in like gold coin, at the rate of six per cent per annum from date until paid. Interest payable annually, on the first day of September of each year, and in default of payment at said times, the same to be then added to the principal and form a part thereof, bearing interest at the same rate.

"This note is secured by mortgage of even date herewith.

"HELEN WEBER.

"C. M. WEBER.

"JULIA H. WEBER."

Although the note is dated May 28th, it was not delivered until June 15th, at which time the mortgage to secure the same, and referred to in the note, was executed and delivered to the said corporation, the Woodbridge Canal and Irrigation Company. The plaintiff subsequently brought an action to foreclose the mortgage executed to her by the Woodbridge Canal and Irrigation Company, and such proceedings were therein had that a decree of foreclosure and sale was rendered, and thereupon the property mortgaged sold and applied on the judgment, leaving a deficiency of $2,639.49. Thereupon plaintiff brought the present action to foreclose the mortgage assigned to her.

The defense is, that the consideration for the note and mortgage was an agreement in writing entered into between the makers and the payee, the Woodbridge Canal and Irrigation Company, that said company should construct a ditch from the main canal, or branch thereof, to the line of the land of the Webers, being the same described in the mortgage, of suffi-

cient size and elevation to allow the irrigation of said land, and flow the water to said land for the purposes of irrigation, and that said company never at any time constructed a ditch or branch canal to the land for which the water was to have been furnished, and that no water has at any time been brought to the said land; that said Woodbridge Canal and Irrigation Company became insolvent on or about October 5, 1895, and was thereafter deprived of the possession of all of its works, canals, and property, by reason whereof the said company was, and ever since has been, rendered incapable of performing its contract with said defendants Weber, and that in consequence the consideration of said note and mortgage has totally failed.

The court finds the facts as set up in the answer of defendants Weber, that the note and mortgage in suit were made and delivered to said company in pursuance of the terms and conditions of said agreement; that the company never at any time constructed a ditch or branch of any size to the land in question, and no water has at any time since the making of said agreement been brought to said land by said company; and that the consideration of said note and mortgage has failed.   Upon the findings of fact the court entered judgment in favor of said defendants.

The appeal is on the judgment roll, and the only question presented is, whether the instrument in suit is a negotiable promissory note, within the meaning of the Civil Code.   The appellant contends that it is, and that it must be considered separate from and independent of the mortgage given to secure the same; that the clause, "this note is secured by mortgage of even date herewith," may be disregarded, as forming no part of the obligation to pay as specified in the note.   But the mortgage was delivered at the same time as the note, relates to the same subject-matter, and they form, substantially, one transaction.   They must therefore be taken and considered together.   (Civ. Code, sec. 1642.)   The plaintiff recognizes this to be so from the very fact of bringing the action.   By the note on its face it had ten years to run, and the only consequence of the failure to pay the interest annually was, that it should be "added to the principal, and form a part thereof, bearing interest at the same rate."   But by the mortgage given to secure the note it is provided, in case default be made in the payment of "any installment of interest, as provided in

said note, then the whole sum of principal and interest shall be due, at the option of the said party of the second part, its successors or assigns; and suit may be immediately brought, . . . although the time for payment of said principal sum may not have expired"; and it is provided that costs and charges may be included in the decree of foreclosure, "including reasonable counsel fees." Counting upon the terms of the mortgage, and not of the note, as distinguished therefrom, the plaintiff alleges a failure to pay the interest, and an election to consider the whole amount due, and further alleges the employment of an attorney to secure its foreclosure, and asks for a reasonable sum to be fixed as his fee. In *Phelps* v. *Mayers*, 126 Cal. 549, the defense was that the suit was prematurely brought, on the ground that the note in suit did not provide that the principal debt should be due on default in payment of interest, and that hence a foreclosure for both principal and interest was unwarranted. That contention is answered as follows by this court: "The note and mortgage, however, must be construed together. Interest on the note is payable semi-annually, and the mortgage is clear, that upon default in the payment of the interest, equally with default in the payment of the principal, the mortgagee may cause the premises to be sold, and retain from the proceeds 'the said principal and interest.' There is scarcely room for interpretation in these provisions." (See also *Nagle* v. *Macy*, 9 Cal. 426; *Hyde* v. *Mangan*, 88 Cal. 320.) An independent action on a promissory note secured by mortgage is prohibited in this state. "There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter" (Code Civ. Proc., sec. 726),—that is, by a suit to foreclose, and a sale of the mortgaged premises, and ascertainment of the deficiency, if there be any. (*Toby* v. *Oregon Pacific R. R. Co.*, 98 Cal. 494; *Hibernia Savings and Loan Society* v. *Thornton*, 123 Cal. 62.) Whatever the form of the debt, the mortgagor can be legally compelled to pay no part of it until the decree is entered for the sale of the premises mortgaged, and the liability which shall then accrue to him is a liability to pay only a deficiency which shall appear on the sheriff's return. The liability is therefore contingent and dependent upon the fact whether upon the sale of the mortgaged premises there shall be a defi-

ciency. The plaintiff in this case, in bringing the suit, recognized the fact that the mortgage was inseparably connected with the note. As already stated, according to the terms of the note, independent of the mortgage, the action would have been prematurely brought, and at the time it was brought it could only be sustained by reference to the clause in the mortgage giving an option to the owner, in case of default in the payment of interest at the time specified, to consider the whole debt due. Being inseparably connected with the mortgage, and affected by the conditions contained therein, the note is not negotiable, within the law merchant or Civil Code. Kent, under the head of "The Essential Qualities of Negotiable Paper," says that, to constitute a negotiable note or bill, "it is essential that it carry with it a personal credit given to the drawer or indorser, and that it be not confined to credit upon any future or contingent event." (3 Kent's Commentaries.) "A negotiable instrument must be made payable in money only, and without any condition not certain of fulfillment." (Civ. Code, sec. 3088.) "A negotiable instrument must not contain any other contract than such as is specified in this article." (Civ. Code, sec. 3093.) In *Adams* v. *Seaman*, 82 Cal. 636, in commenting upon these provisions of the Civil Code, it is said: "An instrument is not negotiable if it have 'any condition not certain of fulfillment"; and it was held that a provision for the payment of an attorney's fee in case of foreclosure was a contingency rendering the note non-negotiable.

The assignment and transfer of the note and mortgage in question, therefore, was without prejudice to any set-off or other defense existing in favor of the defendants Weber, the same as though there had been no assignment, and the action had been brought by the company to whom they were given. (Civ. Code, sec. 1459; Code Civ. Proc., sec. 368.) As the findings of the court show an utter failure of consideration as between the original parties, judgment properly followed in favor of the defendants.

Judgment affirmed.

Temple, J., Garoutte, J., and Harrison, J., concurred.

McFarland, J., Henshaw, J., and Beatty, C. J., dissented.

Rehearing denied.