[S. F. No. 1843.   Department Two.—December 14, 1901.]

HENRY MOHR, Respondent, v. KATE C. BYRNE, Defendant, and FLORENCE BLYTHE MOORE, Co-Defendant and Respondent. H. I. KOWALSKY, Intervener, Appellant.

NEGOTIABLE PAPER—PURCHASE AFTER MATURITY—LATENT EQUITY OF THIRD PERSON AGAINST ASSIGNOR.—Though a purchaser of a note after maturity takes with notice of any equities existing in favor of the maker against his assignor, yet he is not chargeable with any latent equity or interest in the note in favor of a third person

against his assignor, of which he had no notice, actual or constructive.

ID.—INTERVENTION—CLAIM AGAINST ASSIGNOR OF PLAINTIFF—PRAYER FOR RELIEF—APPEAL.—Where an intervener sought only to enforce his claim against the plaintiff, as an assignee of the note in suit, alleged to be subject to an equitable interest in his favor against the assignor of the note, and asked no relief against a maker of the note, he has no ground for appeal as against such maker.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion.

A. A. Sanderson, and Weil & Lippett, and T. J. Crowley, for H. I. Kowalsky, Intervener and Appellant.

W. C. Shepard, and W. A. Kirkwood, for Henry Mohr, Respondent.

W. H. H. Hart, and Aylett R. Cotton, for Florence Blythe Moore, Respondent.

Hepburn Wilkins, and Wilson & Wilson, for Kate C. Byrne, Defendant.

GRAY, C.—The intervener, Kowalsky, appeals from a judgment to the effect that he take nothing in the above-entitled action. The appeal was dismissed as to defendant Byrne, and the only parties respondent are the plaintiff, Mohr, and the defendant Moore (formerly Florence Blythe).

The record on appeal consists of the judgment-roll, from which it appears that the defendant Byrne made and executed to one Sol Ephraim her promissory note for twelve thousand dollars and interest, receiving as the only consideration thereof four thousand dollars in money. As security for the payment of this note, Byrne assigned to Ephraim a twelve-thousand-dollar interest in a contract which she had with Mrs. Moore (formerly Florence Blythe) for a one-tenth of the interest of the last-named person as the sole heir of the estate of Blythe. Subsequently, Ephraim indorsed the said note, and thereafter assigned the said twelve-thousand-dollar interest in the contract to the plaintiff, Mohr, as security for a two-thousand-dollar note, jointly executed and delivered by inter-

vener, Kowalsky, and Ephraim to the said plaintiff. The said twelve-thousand-dollar note and contract was thereafter made to secure other notes and obligations of Ephraim, not necessary to be here described. Thereafter plaintiff brings this suit upon the twelve-thousand-dollar note and contract, and other obligations, against the maker, Byrne, Mrs. Moore, and others, not necessary to be here named. In this action Kowalsky intervened, setting out that he owned a one-half interest in the twelve-thousand-dollar note and contract involved in the suit, and praying "that a decree and judgment may be entered that he is the owner of the one-half interest—to wit, the sum of six thousand dollars—in the contract from Kate C. Byrne to Sol Ephraim, and thereafter transferred and assigned over to the plaintiff, Henry Mohr, being the same contract for twelve thousand dollars as alleged in plaintiff's complaint, and that the said Henry Mohr has no interest or ownership and is not entitled to any part of said contract belonging to the said Henry I. Kowalsky, the intervener herein."

On issues made by answers to the original complaint and to the intervention, a trial was had, and the court found for plaintiff, and gave him judgment against defendants Moore and Byrne on account of said twelve-thousand-dollar note, in the sum of four thousand dollars and interest thereon, at the rate of six per cent per annum from the date of said note, November 7, 1892, less the amount of two several notes executed by Ephraim and assigned to Byrne, and by her set up as a counterclaim, which left the judgment obtained by Mohr on account of the twelve-thousand-dollar note less in amount by several hundred dollars than the sum due on the said two-thousand-dollar note executed by Ephraim and Kowalsky to plaintiff. The court found facts showing that the twelve-thousand-dollar note was assigned to plaintiff after it was due, and that plaintiff had no notice that Kowalsky had any interest in the note until long after he had taken it as security for the said two-thousand-dollar note.

Upon these findings and facts, the judgment appealed from was clearly correct, as between the plaintiff and intervener.

The case turns on the question whether the plaintiff obtained the twelve-thousand-dollar note as a *bona fide* purchaser for value, without notice of intervener's equities. From the

fact that plaintiff parted with value for the note, and that he had no notice of intervener's rights against Ephraim, it will be presumed that plaintiff was an innocent purchaser of the note, and it was not necessary to find in exactly those terms that plaintiff was an innocent purchaser; it is sufficient that the facts found establish that conclusion. Nor does the fact that plaintiff took the note after maturity make him any the less a *bona fide* purchaser, as against the equities of intervener herein set up. The rule that indorsees after maturity take with notice of prior equities applies only as between the parties thereto, and does not apply as to third persons occupying the position of intervener herein, whose rights are merely latent, and do not appear from an inspection of the note or the indorsements thereon. The note, though due when assigned to plaintiff, carried with it the same presumptions as any other chose in action, and, quoting from the well-considered case of *Duke* v. *Clark*, 58 Miss. 465, at page 474, "It is true that the assignee of a chose in action takes it subject to all the equities to which it was subject in the hands of the assignor, but the equities meant are such as obtain in favor of the debtor, and not those claimed by a third person against the assignor." The supreme court of Mississippi cite many cases in support of this proposition, including the case from this state, *Wright* v. *Levy*, 12 Cal. 257. See, also, *First National Bank* v. *Perris Irr. Dist.*, 107 Cal., at page 62, wherein it is said: "The law does not require that the assignee for value of a thing in action shall take it subject to the latent equities of third persons, of which he has no notice; but only that the assignment shall be subject to the equities existing in favor of the debtor, in this case the defendant." In *Hibernian Bank* v. *Everman*, 52 Miss. 506, it is said: "A purchaser of negotiable paper, even after maturity, cannot be bound by a secret equity in favor of an entire stranger to the paper, of which he neither had knowledge nor anything to put him upon inquiry." To the same effect, see *Crosby* v. *Tanner*, 40 Iowa, 136, where some authorities are cited, and the reason for the rule quoted from an opinion by Chancellor Kent. It seems clear that the note in plaintiff's hands is not subject to the latent claims of the appellant, and for that reason, so far as Mohr and Kowalsky are concerned, the conclusion of the court that the latter should take nothing was correct.

As to the other respondent in the action, the appellant asks no relief in his complaint. This is the law of the case. (*Mohr* v. *Byrne*, 132 Cal. 250.)   Consequently, he has no ground of appeal.

The judgment should be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          McFarland, J., Temple, J., Henshaw, J.