[Civ. No. 1082. Second Appellate District.—March 4, 1912.]

WILLARD A. HELMER, Appellant, v. HENRY B. PAR-
SONS, EMIL FIRTH, and TITLE INSURANCE AND
TRUST COMPANY, a Corporation, Respondents;
THOMAS G. CHAPPLE et al., Defendants.

MORTGAGE—PURCHASE OF SECURED NOTE—NON-NEGOTIABILITY—SUBJEC-
TION OF PURCHASER TO DEFENSES—PAYMENT OF FACE WITHOUT
KNOWLEDGE IMMATERIAL.—A note which shows on its face that it
is secured by a mortgage is non-negotiable, and notice of such non-
negotiability is thereby imparted to a purchaser thereof, and he
is chargeable with notice that if the maker has any defense against
the original payee, he takes the note subject to such defense, and
it is immaterial that he has paid the full face of the secured note
to the original payee, without actual notice of any defense thereto.

ID.—ASSIGNMENT OF MORTGAGE—DUTY OF PROPOSED ASSIGNEE TO IN-
QUIRE AS TO DEFENSES—EFFECT OF NEGLECT.—One who is about
to take an assignment of a mortgage is in duty bound, in protection
of his own interest, to make inquiry of the mortgagor as to the
validity of the instrument and of the transaction on which it is
founded and as to the amount due, and whether the mortgagor
has any defense or setoff to interpose against it. But if he neglects
to make such inquiry, he takes the mortgage subject to all de-
fenses against the original mortgagee, and is charged with knowl-
edge of all facts which such an inquiry would have disclosed.

ID.—CONSTRUCTION OF CODE PROVISIONS—INDORSEMENT OF NON-NEGO-
TIABLE INSTRUMENT—ASSIGNMENT OF THING IN ACTION.—Section
1459 of the Civil Code, making the transfer of a non-negotiable
instrument "subject to all equities and defenses existing in favor
of the maker at the time of the indorsement," and section 368 of
the Code of Civil Procedure, providing that, "in the case of an
assignment of a thing in action [not negotiable] the action by the
assignee is without prejudice to any setoff or other defense existing
at the time of or before notice of the assignment," are to be con-
strued as though passed at the same moment of time and as parts
of the same statute; and the law as declared by the two sections is
that a defendant may avail himself of any setoff or defense acquired
before notice of assignment of any non-negotiable cause of action.

ID.—PARTIAL FAILURE OF CONSIDERATION OF NOTE AND MORTGAGE
EXISTING AT TIME OF TRANSFER—NOTICE OF ASSIGNMENT IMMA-
TERIAL.—Where the payee of a note and mortgage for $3,500
agreed to advance that full sum to the mortgagor in specified in-
stallments, but only advanced the total sum of $1,250, the partial

failure of consideration as to the residue of the note and mortgage being a complete defense as to the residue against the original payee, which existed at the time of the transfer of the note and mortgage by the payee to the plaintiff, it would be a like defense as against the plaintiff, as assignee, which cannot be affected by any notice of the assignment given by the assignee to the defendant.

ID.—RECORDING OF ASSIGNMENT OF MORTGAGE NOT CONSTRUCTIVE NOTICE TO MORTGAGOR.—The mere recording by the assignee of the assignment of the mortgage only operates, under section 2934 of the Civil Code, as notice to all persons subsequently deriving title to the mortgage from the assignor, and constitutes no constructive notice of the assignment to the mortgagor.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Frank G. Bryant, for Appellant.

Elmer R. McDowell, E. Earl Crandall, and William Hazlett, for Henry B. Parsons, Respondent.

Sheldon Borden, and George H. Moore, for Emil Firth and Title Insurance and Trust Company, Respondents.

SHAW, J.—Action to foreclose a mortgage given to secure the payment of a promissory note in the sum of $3,500.

It appears from the findings that on December 4, 1908, defendant Parsons executed and delivered to one L. E. Jones a note and mortgage which was made the subject of the action; that upon delivery thereof Jones paid to Parsons the sum of $1,000, agreeing orally to pay him $1,000 in ten days, and the balance in thirty-five days; that on February 11, 1909, Jones paid to Parsons an additional $250, making in all $1,250, and no more, received by Parsons in consideration of the note and mortgage; that prior to the making of this last payment, to wit, on December 29, 1908, Jones sold and, by an instrument executed in writing and duly recorded, transferred the note and mortgage to plaintiff, who paid Jones the full face value thereof; that plaintiff acquired the note and mortgage without notice of any existing equities or defenses

thereto. Upon these findings the court gave plaintiff judgment for $1,250 and interest, from which he prosecutes this appeal, claiming that judgment should have been entered thereon for the full face value of the note.

As the note was secured by a mortgage, it was non-negotiable (*Meyer* v. *Weber*, 133 Cal. 681, [65 Pac. 1110]; *Trinity County Bank* v. *Haas*, 151 Cal. 553, [91 Pac. 385]); and as this fact appears upon its face, notice of such non-negotiability was thereby imparted to plaintiff, who, as a matter of law, was chargeable with notice that if the maker thereof had any defense thereto as against Jones, he (plaintiff) took it subject to such defense. (*Mohr* v. *Byrne*, 135 Cal. 87, [67 Pac. 11]; *Bouche* v. *Louttit*, 104 Cal. 230, [37 Pac. 902].) In protection of his interest, the duty devolved upon plaintiff to make inquiry of the mortgagor as to the validity of the instrument and existing equities which might be pleaded in defense of a recovery. Had he done so, and defendant had stated, as Jones is found to have done, that the note was valid and he (defendant) had no defense thereto, then the maxim here invoked by appellant, that "where one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer" (Civ. Code, sec. 3543), would apply. (*Briggs* v. *Crawford*, 162 Cal. 124, [121 Pac. 381].) "One about to take an assignment of a mortgage is bound in his own interest to inquire of the mortgagor as to the validity of the instrument and of the transaction on which it was founded and as to the amount due, and whether the mortgagor has any defenses or setoffs to interpose against it. If he neglects to do this, he takes the mortgage subject to all infirmities or objections which could have been set up against it in the hands of the original mortgagee, being charged with knowledge of all facts which such an inquiry would have disclosed." (27 Cyc., p. 1324.) Appellant invokes section 1459 of the Civil Code, as follows: "A non-negotiable written contract for the payment of money or personal property may be transferred by indorsement, in like manner with negotiable instruments. Such indorsement shall transfer all the rights of the assignor under the instrument to the assignee, subject to all equities and defenses existing in favor of the maker at the time of the indorsement." He insists that, inasmuch as there was no breach on the part of Jones in the payment of

the $1,000 which was not to be paid until thirty-five days from the date of the making and delivery of the note, there was no defense existing as to such sum in favor of the maker at the time when plaintiff acquired the note on December 29th.  Section 368 of the Code of Civil Procedure provides: "In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any setoff, or other defense existing at the time of, or before, notice of the assignment; but this section does not apply to a negotiable promissory note or bill of exchange, transferred in good faith, and upon good consideration, before maturity." In the case of *St. Louis Nat. Bank* v. *Gay*, 101 Cal. 286, [35 Pac. 876], the court said: "These two sections must be construed as though they had been passed at the same moment of time, and were parts of the same statute . . . and the law as declared by the two sections is that a defendant may avail himself of setoff acquired before notice of assignment, provided the setoff be in other respects good." The partial failure of consideration for the note would have been a complete defense to the extent of such failure in an action instituted by Jones to foreclose the mortgage. It was a defense existing at the time of the transfer, and since, under the statute, the action by the assignee is declared to be without prejudice to defenses existing at the time of the assignment, it follows that the right to interpose such defense could not be affected by notice of the assignment given defendant. Moreover, even conceding, as claimed by appellant, that the defense based upon the failure of consideration due to default in payment of the promised $1,000 could be affected by notice of the transfer, nevertheless, no notice of the transfer, other than the recording of the instrument, was given. The mere recording of the assignment constituted no notice to defendant of the assignment to plaintiff. Section 2934 of the Civil Code provides that, "an assignment of a mortgage may be recorded in like manner as a mortgage, and such record operates as notice to all persons subsequently deriving title to the mortgage from the assignor." Defendant, however, was not a person deriving title to the mortgage from any assignor thereof, and hence was not one chargeable with constructive notice of its transfer by the recording of the assignment. "The provision about the recordation of an assignment of a mortgage is in section

2934, and the provision is that such record operates as notice to all persons subsequently deriving title to the mortgage from the assignor." (*Adler* v. *Sargent,* 109 Cal. 42, [41 Pac. 799].) And in *Murphy* v. *Barnard,* 162 Mass. 72, [44 Am. St. Rep. 340, 38 N. E. 29], it is said: "A mortgagor is not chargeable with constructive notice by the record of an assignment of the mortgage." (See, also, *McCabe* v. *Grey,* 20 Cal. 509.) While we deem the question of notice in the case at bar as unimportant, for the reason given, nevertheless, we are of opinion that the mere recording of the assignment was insufficient to constitute notice of such fact.

The judgment is affirmed.

Allen, P. J., and James, J., concurred.