[L. A. No. 2971. Department Two.—March 10, 1913.]

JOHN H. TAYLOR and NANCY E. TAYLOR, Appellants, v. L. E. JONES, Defendant; BRIDGET DONNELLY, Defendant and Respondent.

MORTGAGE—SUBSEQUENT PURCHASER—EQUITIES IN FAVOR OF MORTGAGOR —FAILURE OF CONSIDERATION—WANT OF INQUIRY BY ASSIGNEE.—A subsequent purchaser from a mortgagee of a note secured by a mortgage is bound to make inquiry of the mortgagors in possession as to the existence of any equities in their favor, and, upon failure to make a reasonable investigation, takes an assignment of the note and mortgage subject to all defenses, including that of failure of consideration, that might have been urged in favor of the mortgagors in an action by the mortgagee to foreclose the mortgage.

ID.—RECITAL THAT MORTGAGE IS FIRST LIEN—EXISTENCE OF PRIOR MORT-
GAGES.—A recital in the assigned mortgage that it was a first lien
upon the mortgaged property is sufficient to put the purchaser upon
inquiry, where at the time of the purchase the property was encum-
bered by the lien of prior recorded mortgages.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial. Paul
J. McCormick, Judge.

The facts are stated in the opinion of the court.

Frank Herald, W. W. Wideman, and Chas. N. Salisbury,
for Appellants.

Smith, Miller & Phelps, for Respondent.

MELVIN, J.—Plaintiffs sued to quiet title to two parcels
of land in Los Angeles County and to cancel and release of
record two mortgages upon said property, given by plaintiffs
to one L. E. Jones, who assigned the said mortgages for their
face value to Bridget Donnelly, the defendant. It was alleged
in the complaint that plaintiffs, who are husband and wife,
were the owners of the two lots in question, that two mort-
gages aggregating about one thousand nine hundred dollars
were of record and constituted liens against each of the said
lots; that about January 1, 1909, plaintiffs applied to L. E.
Jones for a loan of four thousand dollars to pay off the said
mortgages; that Jones expressed his ability and willingness
to loan four thousand dollars to plaintiffs; that he promised
to pay the existing encumbrances, the cost of having the title
certified to date, and other expenses including insurance, if
plaintiffs would execute in his favor two notes each for two
thousand dollars and each supported by a mortgage upon
one of the two lots; and that the difference, if any, between
said payments and four thousand dollars should be paid by
Jones to plaintiffs. The complaint further avers that, rely-
ing upon the promises and representations of Jones, plaintiffs
on or about January 4, 1909, made and executed the notes
and mortgages in accordance with the suggestions of Jones,
naming him therein as mortgagee; that these mortgages were
recorded; that subsequently the notes and mortgages were

assigned by Jones to Bridget Donnelly, the defendant; that the representations and promises of Jones with reference to the payment of the debts of plaintiffs and the removal of the liens of the earlier mortgages from their lots were false and fraudulent; and that plaintiffs received no consideration whatever for the notes and mortgages given by them to Jones and by him assigned to Bridget Donnelly.

Defendant answered admitting that she had received assignments of the notes and mortgages and alleging that she had paid the full sum of four ·thousand dollars for them. She asserted that plaintiffs had received full consideration for the notes and mortgages executed by them in favor of Jones. Two separate affirmative defenses were pleaded, in one of which it was alleged that Jones had acted throughout the transaction as the agent of plaintiffs; and·in the other that the defendant had purchased without notice of any equities in favor of the plaintiffs and in full belief that Jones was the owner of the notes and mortgages.

The cause was tried and the court found, among other things, that Jones had not represented to plaintiffs that he was loaning the money to them. Other findings were that Jones had acted as the agent of plaintiffs and that the money was paid to Jones by Donnelly for and on behalf of plaintiffs. The allegations of the special defenses were also found to be true. Findings and judgment followed to the effect that the mortgages were valid and subsisting liens against the property in question.

This is one of the numerous cases arising as a result of the rascality of L. E. Jones. Each of them involves great hardship upon one of the parties who trusted him. Defendant insists, and the court evidently had the same theory, that the fraud on the part of Jones could not have operated to injure plaintiffs until he embezzled the money which he held as agent for them and that up to the moment of said embezzlement Jones had acted entirely within the scope of his agency. She also invokes the rule that where one of two innocent parties must suffer, the hardship should be visited upon that one by whose negligence the fraud was made possible. Neither of these positions is tenable in the present case. The matter of agency is a false quantity. It makes no difference whether plaintiffs expected Jones to loan them

the money or to negotiate the notes and mortgages for their benefit. Defendant was dealing with him as a mortgagee and she purchased from him non-negotiable instruments. This placed her upon her inquiry, and if she failed to make a reasonable investigation she took the assignments subject to all defenses which might have been urged in favor of the Taylors in an action by Jones to foreclose the mortgages. One of these defenses was failure of consideration. If defendant had made inquiry of the mortgagors and they had told her that Jones was acting for them as their agent the matter would appear in an entirely different light. But she did not take the trouble to consult them, although, as shown by the evidence, they resided in a house situated upon one of the lots subject to one of the mortgages to Jones. Another thing which should have put her upon her inquiry was the recital in each mortgage that it was a first lien upon the property, when at the time of the purchase each lot was encumbered by the lien of recorded mortgages senior to that in which Jones appeared as mortgagee. The evidence shows that each party to this action placed full confidence in the rascally Jones who absconded with the money paid to him by Mrs. Donnelly. A decision either way will, as we have said, doubtless work great hardship upon an innocent party; but we cannot escape the conclusion that the facts of the case bring it within the principles announced in such cases as *Meyer* v. *Weber,* 133 Cal. 682, [65 Pac. 1110] ; *Briggs* v. *Crawford,* 162 Cal. 125, [121 Pac. 381], and *Helmer* v. *Parsons,* 18 Cal. App. 451, [123 Pac. 356].

The judgment and order are reversed.

Henshaw, J., and Lorigan, J., concurred.