[S. F. No. 6132. In Bank.—March 11, 1915.]

METROPOLIS TRUST AND SAVINGS BANK (a Corporration), Appellant, v. ANNA MONNIER, Defendant and Respondent; ADELINE HASSHAGEN, First Intervener and Appellant; ALDEN ANDERSON, Superintendent of Banks of the State of California, Second Intervener.

Negotiable Instruments—Note Secured by Mortgage—Absence of Reference to Mortgage—Notice of Security.—A promissory note negotiable in form, which contains no reference to a contemporaneous mortgage on land by which it is secured, is not a negotiable instrument as to persons having knowledge that the note and mortgage are coexistent and interdependent.

Id.—Note and Mortgage Part of Same Transaction.—Where a note is secured by a contemporary mortgage on land, both instruments having been executed as a part of one transaction, the note, whether negotiable in form or not is non-negotiable in fact if taken with notice of the existence of the mortgage.

Id.—Foreclosure of Mortgage—Defense of Menace, Duress, and Fraud—Insufficient Pleading—Judgment not Supported by Findings.—In an action to foreclose such mortgage, an allegation in the answer that "said note and mortgage were obtained by the means of menace, duress, and fraud exercised and exerted by the mortgagee upon the mortgagor, and that said mortgagee was at all said times acting as the attorney of the mortgagor and occupied a fiduciary relation to her," states a mere legal conclusion, and is wholly insufficient to raise an issue or present a defense based on menace, duress, or fraud. A judgment decreeing the note and mortgage invalid cannot derive support from findings in accordance with such averment.

Id.—Objection to Evidence in Support of Insufficient Allegations. As such allegation tendered no issue upon the question of menace, fraud, or duress, it was not incumbent on the plaintiff in availing itself of this defect, to demur to the answer either upon general or special grounds. It could rest until evidence was sought to be offered concerning them, and then properly make objection to the introduction of such evidence.

Id.—Consideration for Note and Mortgage—Surrender of Contracts for Employment of Mortgagee—Finding Contrary to Evidence. A finding that such note and mortgage were entirely without consideration is contrary to the evidence, when the undisputed testimony is that they were given in exchange for the surrender of certain existing contracts between the mortgagor and the mortgagee, who was the

attorney of the former, and another attorney, providing for the employment of said attorneys on certain terms, and that some services were rendered by them and some compensation was due them.

Id.—Undue Influence—Mortgagee Attorney for Mortgagor—Transaction Between Trustee and Beneficiary.—A *prima facie* case in support of the defense that the note and mortgage were obtained through the exercise of undue influence would be made out by proof that the mortgagee, prior to and at the time he took the note and mortgage, was acting as the attorney for the mortgagor. This results because the relation of attorney and client is of a fiduciary character and the Civil Code expressly provides in section 2235, that all transactions between a trustee and his beneficiary during the existence of the trust, by which he obtains any advantage from his beneficiary, "are presumed to be entered into by the latter without sufficient consideration and under undue influence."

Id.—Burden on Trustee to Show Bona Fides of Transaction.—Such provision of the Civil Code does not mean that a trustee may not deal with his beneficiary. But if he does deal with him in such manner as to obtain an advantage—and the obtaining of a note for twenty thousand dollars secured by mortgage is an advantage—the trustee has the burden of showing by evidence that the transaction was fair. He cannot safely rest in an action to foreclose such mortgage without affirmative proof of the facts surrounding the mortgage.

Id.—Entire Want of Consideration not Presumed.—Section 2235 of the Civil Code does not raise the presumption that such a transaction is totally wanting in consideration, but merely that there is no "sufficient consideration" therefor.

Id.—Note and Mortgage Merely Voidable—Terms on Which Cancellation may be Had—Payment of Consideration.—Even if there were undue influence in obtaining such note and mortgage, they would not thereby have been rendered void, in the extreme sense of that term. The transaction would have been voidable merely, and the instruments should not have been ordered canceled, or a recovery on them denied, except upon equitable conditions, such as, for example, the payment to the mortgagee or his assignee of the fair value of the contracts surrendered upon the giving of the note and mortgage.

Id.—Settlement of Differences Between Original Mortgagor and Mortgagee—Reopening Case After Submission to Show—Error in Refusal—Diligence in Discovering Evidence.—In an action by an assignee of the mortgagee to foreclose the mortgage so given to such attorney, it was error for the trial court, after the submission of the case and before its determination, to refuse the plaintiff permission to reopen the case for the purpose of introducing evidence which would have established a complete adjustment and settlement of the differences between the original mortgagor and mortgagee, on

which the former based the defenses of undue influence, menace, fraud, duress, and lack of consideration, if there was no lack of diligence on the part of the plaintiff in securing knowledge of such compromise and settlement.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. A. L. McSorley, Judge presiding.

The facts are stated in the opinion of the court.

Gavin McNab, B. M. Aikins, and George W. Mordecai, for Plaintiff and Appellant.

Edward C. Harrison, and Maurice E. Harrison, for First Intervener and Appellant.

Thomas E. Curran, and Francis Dunn, for Defendant and Respondent.

F. A. Cutler, for Second Intervener.

THE COURT.—Plaintiff sued to foreclose a mortgage securing a promissory note executed by the defendant Anna Monnier in favor of Charles L. Patton for the sum of twenty thousand dollars payable in one year from August 1, 1908, the date of the note and mortgage. The mortgagee sold and assigned the note and mortgage to the Union State Bank on October 26, 1908. On April 26, 1909, the note and mortgage were transferred to the plaintiff Metropolis Trust and Savings Bank as collateral security for a promissory note made on that date by the Union State Bank in favor of plaintiff. On June 17, 1909, plaintiff for a valuable consideration transferred the note and mortgage to Adeline Hasshagen, who appears in this suit as first intervener, and also transferred to her the note of the Union State Bank which the note and mortgage of Monnier to Patton were assigned to secure. These were taken as part of the consideration of her note and deed of trust for forty-five thousand dollars, on the same date and as part of the same transaction delivered by said Adeline Hasshagen to said plaintiff. However, Mrs. Hasshagen allowed the note and mortgage to remain in the possession of the plaintiff as additional security for her note of forty-five thousand dollars. No part of the note of Monnier

to Patton has been paid. More than twenty thousand dollars remains unpaid on the note of forty-five thousand dollars from Hasshagen to plaintiff and she claims the benefit of the foreclosure sought by the banking corporation plaintiff. The superintendent of banks appears as second intervener, representing the insolvent Union State Bank.

The defendant Anna Monnier set up by way of defense want of consideration; fraud, menace, and duress exercised by Charles L. Patton in obtaining the note and mortgage; and that Patton was her attorney occupying a fiduciary relation at the time when the note and mortgage were executed. After trial of all the issues joined by the various parties claiming interest in the note and mortgage of Monnier to Patton, the court found that when the note and mortgage were executed Charles L. Patton long had been and for a long time thereafter continued to be attorney at law for Anna Monnier; that the note and mortgage were procured by the exercise of undue influence over said Anna Monnier on the part of said Charles L. Patton; and that there was no consideration for the note and mortgage, and that the note and mortgage had been procured by menace, fraud, and duress, exerted by Patton on defendant. The conclusion of law from the findings was that the note and mortgage were non-negotiable; that subsequent transferees thereof took with full notice of all equities existing in favor of the defendant; and that the instruments are void as to Patton and all subsequent transferees. Judgment was accordingly entered in favor of defendant against all the other parties, who, with the exception of the superintendent of banks, have duly appealed from the said judgment and from the order denying their motion for a new trial.

The first contention of appellants is that the note does not come within the rule announced in *Meyer* v. *Weber*, 133 Cal. 681, [65 Pac. 1110], and is a negotiable instrument. It is negotiable in form and contains no reference to the mortgage and appellants also insist that the mortgage does not contain covenants not permitted in a non-negotiable instrument. They seek therefore to differentiate this case from *Meyer* v. *Weber*, 133 Cal. 681, [65 Pac. 1110]. We see no difference in principle between that case and this. The note and mortgage were made, executed, and delivered simultaneously. All of the transfers involved in this litigation were of the note

and mortgage. The plaintiff and first intervener pray for relief based upon a covenant of the mortgage not contained in the note,—namely, the stipulation for the payment of attorney's fees in case of a suit. So far as all of the parties to this litigation are concerned the note and mortgage were known to be coexistent and interdependent. They were non-negotiable. To make them so it was not necessary that the note should state upon its face that it was coupled with a mortgage. Where a note is secured by a contemporary mortgage on land, both instruments having been executed as a part of one transaction, the said note, whether negotiable in form or not is non-negotiable in fact if taken with notice of the existence of the mortgage. (*Flood* v. *Petry,* 165 Cal. 309, [46 L. R. A. (N. S.) 861, 132 Pac. 259]; *Meyer* v. *Weber,* 133 Cal. 681, [65 Pac. 1110]; *Briggs* v. *Crawford,* 162 Cal. 125; [121 Pac. 381]; *Helmer* v. *Parsons,* 18 Cal. App. 451, [123 Pac. 356]; *Mentry* v. *Broadway Bank etc.* Co., 20 Cal. App. 389, [129 Pac. 470]; *National Hardwood Co.* v. *Sherwood* 165 Cal. 1, [130 Pac. 883]; *Taylor* v. *Jones,* 165 Cal. 108, [131 Pac. 114].) The finding of non-negotiability was therefore supported by ample authority applicable to the facts disclosed at the trial.

The allegation that the note and mortgage were given without any consideration presented a material issue in the case, on which the court found in favor of defendant. The allegation touching the menace, duress, and fraud asserted to have been exercised by Patton upon defendant was in the following language, no less and no more: "That said note and mortgage were obtained by the means of menace, duress, and fraud exercised and exerted by said Charles L. Patton upon this defendant, and that said Charles L. Patton was at all said times acting as the attorney of this defendant and occupied a fiduciary relation to this defendant." The court, as has been said, found the note and mortgage were procured by means of menace, duress, and fraud. As a pleading charging menace or fraud or duress this answer is wholly insufficient to raise an issue or present a defense. It contains no averment of fact whatsoever and rests upon the naked, unsupported, legal conclusion of the pleader. (*Kissling* v. *Shaw,* 33 Cal. 425, [91 Am. Dec. 644]; *Capuro* v. *Builders Ins. Co.,* 39 Cal. 123; *Albertoli* v. *Branham,* 80 Cal. 631, [13 Am. St. Rep. 200, 22 Pac. 404]; *People* v. *McKenna,* 81 Cal.

158, [22 Pac. 488].) Nor, as such an allegation tendered no issue upon the question of menace, fraud, or duress, was it incumbent upon appellants in availing themselves of this defect, to demur to the answer either upon general or special grounds. A general ground of demurrer would not have availed since the pleading did state a defense under the allegation of lack of consideration. The issues of fraud, menace, and duress not being in the case, appellants could rest until evidence was sought to be offered concerning them, and then properly make their objection to the introduction of such evidence. For, as is said in *People* v. *McKenna,* 81 Cal. 158, [22 Pac. 488], discussing the necessity of averment of facts in such cases: "It matters not that no objection is made by demurrer (to the absence of them). Objection may be made at any time because it goes to the substance of the complaint or indictment. The question whether a thing has been done fraudulently is a matter of law, and an allegation of fraud in general terms presents no issuable fact." It follows herefrom that appellants' position is correct in declaring that this judgment cannot derive support from the findings of the exercise of menace, duress, and fraud.

The court also found that Patton exercised undue influence. It is a singular circumstance, however, that undue influence is not directly tendered by defendant as an issue, and at the most it is only inferentially tendered in the allegation above quoted that Patton was her attorney at the time she gave him the note and mortgage. Perhaps, if no other ground of objection to the judgment appeared, it might well be argued the trial below proceeded on the theory that this ground of defense was sufficiently pleaded, and that, after such trial and a finding on the issue, the appellant could not question the sufficiency of the pleading for the first time on appeal. As will appear, however, the judgment must be reversed for other reasons, and this proposition need not be considered. Upon a new trial, the course of proceedings, and perhaps the pleadings themselves, will be different, and it is unlikely that the question now under discussion will be presented in the same aspect.

The finding that the note and mortgage were entirely without consideration would support the judgment, regardless of any question of fraud or undue influence, but this finding is manifestly contrary to the evidence. The undisputed

testimony is that the note and mortgage were given in exchange for the surrender of existing contracts between Mrs. Monnier and Mr. Patton and another attorney, providing for the employment of said attorneys on certain terms. That some services were rendered and some compensation due is not to be questioned. The defense must, therefore, rest entirely on the finding that the note and mortgage had been obtained through the exercise of undue influence.

Assuming that, upon another trial, the defense of undue influence will be within the issues, it is proper to point out that a *prima facie* case in support of this defense would be made out by proof that Mr. Patton, prior to and at the time he took the note and mortgage, was acting as attorney for Mrs. Monnier. The relation of attorney and client is of a fiduciary character, and the Civil Code (sec. 2235) clearly provides that all transactions between a trustee and his beneficiary during the existence of the trust, by which he obtains any advantage from his beneficiary, "are presumed to be entered into by the latter without sufficient consideration and under undue influence." This does not mean that a trustee may not deal with his beneficiary. But if he does deal with him in such manner as to obtain an advantage, the trustee has the burden of showing by evidence that the transaction was fair. Certainly the obtaining of a note for twenty thousand dollars, secured by mortgage, is an advantage, and the attorney, or those claiming under him, cannot safely rest, as they did in this case, without affirmative proof of the facts surrounding the transaction. On the question of the applicability of the presumption declared by section 2235, it is sufficient to refer to *Cooley* v. *Miller & Lux,* 156 Cal. 510, 523, [105 Pac. 981], and authorities there cited. (See, also, *Cooley* v. *Miller,* 168 Cal. 120, [142 Pac. 83, 88].)

It will be observed that the presumption is, not only that undue influence was exercised, but that there was no "sufficient consideration." This does not mean that a total want of consideration is presumed. Besides, as we have already pointed out, there was a clear showing that the giving of the note and mortgage was supported by some consideration. In this connection it may be remarked that, even if undue influence had been established, the note and mortgage would not thereby have been rendered void, in the extreme sense of that term. The transaction would have been voidable merely,

and the instruments should not have been ordered canceled, or a recovery on them denied, except upon equitable conditions, such as, for example, the payment to Patton or his assignees of the fair value of the contracts surrendered upon the giving of the note and mortgage.

This brings us to the last proposition necessary here for consideration. After the submission of the cause and before its determination, appellant Hasshagen's attorney was advised that the differences between Patton and Mrs. Monnier touching the value of his services and her execution of the note and mortgage in payment therefor had been wholly and completely adjusted and settled, which adjustment and settlement necessarily, and as matter of course, disposed of all the real and attempted defenses of undue influence, menace, fraud, duress, and lack of consideration. Application to the court was timely made to permit the opening of the case for the taking of this evidence which, if forthcoming, was a complete defense and bar to the assertion of all of Mrs. Monnier's equitable claims for relief. The court refused permission to open the case and rendered judgment in favor of Mrs. Monnier and against the validity of her note and mortgage. The court found its justification for this refusal in that the attorneys of appellant had failed in proper diligence in securing knowledge of this compromise and adjustment. This, notwithstanding the fact that one of the attorneys for appellant made affidavit that he was advised that negotiations for such settlement were in progress between Mr. Patton and Mrs. Monnier, but was further advised by one of Mrs. Monnier's attorneys that the negotiations had fallen through and the attempted settlement had been abandoned. It is manifest that this evidence presented a complete answer to Mrs. Monnier's defense. Moreover, it is equally manifest that to refuse admission of this evidence, which admission was sought before the determination of the case, would result in enabling Mrs. Monnier with gross injustice to reap the benefit of an asserted fraud, for which she had already received full and satisfactory compensation. We can but repeat the language of this court in *Sulloway* v. *Sulloway,* 160 Cal. 508, [117 Pac. 522]: "He might properly have been required, as a condition precedent to the granting of his application, to reimburse defendant for the expense of bringing back his witnesses, but the absolute denial of his appli-

cation to be allowed to introduce evidence on the matters referred to, when he was so clearly entitled to prevail on the merits, and where the effect of a judgment against him would be to practically deprive him for all time of any use or enjoyment of the water-rights given him by the will, must be held to constitute prejudicial error." It was therefore a plain abuse of discretion for the court to have refused to hear the offered evidence.

The judgment is reversed and the cause remanded.

Rehearing denied.