[Civ. No. 3108.   First Appellate District, Division One.—November 19, 1919.]

## L. G. STONE, Appellant, v. ARRIALUS HANCOCK et al., Respondents.

[1] MORTGAGES—FAILURE OF CONSIDERATION—ELECTION OF REMEDIES.—Where the consideration for a note and mortgage has failed, the mortgagors are not required to rescind the transaction out of which the note and mortgage arose, but they have their election to take affirmative action by rescinding or defending against an action by the mortgagee or its assignee to enforce the obligation, upon the ground of fraud or of want or failure of consideration.

[2] ID.—NON-NEGOTIABLE NOTE AND MORTGAGE—STATUS OF ASSIGNEE.—Where a note and mortgage are non-negotiable, the assignee thereof takes the same subject to all of the outstanding equities and defenses in favor of the mortgagors, even though he takes without knowledge of such equities.

[3] ID.—DEFECT OF PARTIES—WAIVER OF OBJECTION.—Where no objection is urged during the trial upon the ground of defect of parties, the point is not available upon appeal.

APPEAL from a judgment of the Superior Court of San Bernardino County. H. T. Dewhirst, Judge. Affirmed.

The facts are stated in the opinion of the court.

John E. Daly and James H. Daly for Appellant.

Warner & Jones for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants Arrialus Hancock and Mary Hancock, his wife, in an action brought by the plaintiff herein as the assignee of a certain mortgage made and executed by the said defendants Hancock to a certain corporation known as the Garden Colonies Incorporated, and by it transferred to said plaintiff. The answer of said defendants set forth in detail the history of the transaction between themselves and said corporation resulting in the making and execution of said mortgage and in the alleged failure of consideration therefor. The court found in favor of the said defendants Hancock upon the issues tendered by their said answer;

but the court further found that at the time said mortgage was made the premises covered thereby were subject to a prior mortgage given to secure the sum of $482.15, which mortgage the Garden Colonies Incorporated had caused to be released by the payment of said sum secured thereby, and the court thereupon found that an equity existed in favor of the plaintiff in this action as the transferee of the rights of the Garden Colonies Incorporated in the premises, requiring the repayment to said plaintiff of the sum thus expended by its assignor, and accordingly rendered judgment in the plaintiff's favor for said sum, but for no other or further sum. The plaintiff appeals from said judgment upon the judgment-roll alone.

[1] The first point made by him upon such appeal is that the defendants were not entitled to the relief granted them, for the reason that they had taken no steps to rescind the transaction between themselves and the said corporation. The defendants, however, were not required to rescind the transaction out of which said note and mortgage arose, since they had their election under the law either to take affirmative action in the way of rescinding the transaction between themselves and said corporation, or of not taking such action, but of defending against the action of said corporation or its assignee to enforce their obligation upon the ground of fraud or of the want or failure of consideration. This appeal being upon the judgment-roll, we are bound to conclude, in the absence of the evidence in the case, that the findings of the court were fully sustained by such evidence.    [2] The contention of the appellant that the plaintiff, as the assignee of said corporation, took said mortgage without knowledge of the alleged fraudulent acts of its assignor and without knowledge of the want or failure of consideration, and, therefore, took and held the same free from the equities asserted by the defendants herein, is entirely without merit, since the note and mortgage were non-negotiable, and, hence, were taken by the transferee thereof, subject to all of the outstanding equities and defenses in favor of the mortgagors.    (*Meyer* v. *Weber,* 133 Cal. 681, [65 Pac. 1110]; *Briggs* v. *Crawford,* 162 Cal. 124, [121 Pac. 381]; *National Hardware Co.* v. *Sherwood,* 165 Cal. 1, [130 Pac. 881]; *Taylor* v. *Jones,* 165 Cal. 111, [131 Pac. 114].)

[3]   The appellant's next contention is that the original mortgagee was not made a party to this action, but aside from the fact that the record discloses that the Garden Colonies Incorporated had ceased to exist prior to the institution of this action, and, hence, could no longer perform any of the terms of its contract with said defendants, it appears that no objection was urged by the plaintiff during the trial upon the ground of defect of parties; hence the point is not available upon appeal.

We find no merit in this appeal.   Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.