[L. A. No. 2734. Department Two.—January 30, 1912.]

SIDNEY L. BRIGGS, Appellant, v. HUGH J. CRAWFORD, Respondent.

MORTGAGE—FAILURE OF CONSIDERATION—SUCCESSOR OF MORTGAGOR MAY MAINTAIN ACTION TO CANCEL AGAINST ASSIGNEE OF MORTGAGE.—The purchaser at a sale under a deed of trust of land which is subject to the apparent lien of a mortgage given to secure a promissory note is a successor in interest of the mortgagor, and as such may assert all of the latter's equities against the mortgagee or his assignee, and may maintain an action against an assignee for value of the mortgage to cancel the same for the failure of the consideration for which it was given, notwithstanding the assignee may have taken the mortgage without actual knowledge of the failure of the consideration as between the original parties.

ID.—FAILURE TO PERFORM ORAL AGREEMENT TO BUILD HOUSE.—The fact that the failure of consideration consisted of the failure to perform a *verbal* agreement for the erection of a house on the mortgaged land does not affect the rule charging the assignee with knowledge of the equities. Such a contract was not required to be in writing.

ID.—ASSIGNEE OF MORTGAGE CHARGED WITH NOTICE OF EQUITIES BETWEEN ORIGINAL PARTIES.—One about to take an assignment of a mortgage is bound in his own interest to inquire of the mortgagor as to the validity of the instrument and of the transaction on which it was founded and as to the amount due, and whether the mortgagor has any defenses or set-offs to interpose against it; if he neglects to do

this he takes the mortgage subject to all infirmities or objections which could have been set up against it in the hands of the original mortgagee, being charged with knowledge of all facts which such an inquiry would have disclosed.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a motion to set aside the judgment as not supported by the findings of fact. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Arthur L. Hawes, E. A. Meserve, and John D. Pope, for Appellant.

D. K. Trask, and George P. Adams, for Respondent.

MELVIN, J.—The plaintiff prosecutes this appeal from the judgment and from an order denying his motion to set aside the judgment as not supported by the findings of fact. According to the allegations of the complaint the Briggs Real Estate Company, a corporation, held title and possession of a lot of land in Los Angeles for owners who are named in the pleading. It is also alleged that on December 1, 1908, the Briggs Real Estate Company entered into an agreement for the sale of this property to the Jones & Ryder Land Company, a corporation, by the terms of which the notes of the latter corporation for twenty-five hundred dollars, secured by a deed of trust to the Title Insurance & Trust Company, were to be taken in payment for the land; that as part of the consideration for the sale, the Jones & Ryder Land Company agreed to cause to be constructed on the land a residence building at a cost of not less than thirty-five hundred dollars, of which the sum of three thousand dollars was to be borrowed by the Jones & Ryder Land Company and secured by a mortgage on the property, the lien of said mortgage to be superior to the rights evidenced by the deed of trust; that in pursuance of said agreement the Briggs Real Estate Company on December 1, 1908, executed its deed to the Jones & Ryder Land Company and received the promissory notes of the latter corporation for twenty-five hundred dollars, secured as agreed by a deed of trust; that at or about the same time the Jones &

Ryder Land Company executed its mortgage on the property for three thousand dollars to one R. D. Edwards, one of its employees, representing to the Briggs Real Estate Company that it had contracted with Edwards for a loan of three thousand dollars to be actually used in building the house on the lot in question; that L. E. Jones at all times acted in the transactions for the Jones & Ryder Land Company and that both that corporation and Edwards were under his control; that the note and mortgage executed to Edwards were without consideration and made fraudulently, for the purpose of inducing the Briggs Land Company to believe that the agreement with reference to the construction of a house on the land was being carried out; that on December 8, 1908, in pursuance of the fraudulent scheme, L. E. Jones caused R. D. Edwards to execute and deliver to him, without consideration, an assignment of the mortgage and notes; that the very slightest improvements had been placed on the property for which if the court should find them of any value, the plaintiff offered to pay; that plaintiff was also prepared to surrender the notes executed by the Jones & Ryder Land Company, secured by the deed of trust, for any balance unpaid; that plaintiff had purchased the property about May 1, 1909, for two thousand dollars upon its sale under the provisions of the deed of trust; that he held title for the original owners; and that on April 1, 1909, L. E. Jones assigned the note and mortgage which he had received from Edwards to defendant Crawford, who paid no consideration therefor. The complaint also contains this language: "That said defendant at the time of said assignment to him had knowledge of the facts hereinbefore alleged." The prayer is for cancellation of the mortgage and for general equitable relief.

The answer traversed all of the material averments of the complaint. Upon the trial the court found the agreement for the sale to have been substantially as alleged in the complaint, except that the execution of the mortgage to Edwards and its assignment to Jones were both without fraud and with the knowledge of the Briggs Real Estate Company, the understanding having been that Jones was to raise the necessary three thousand dollars on said mortgage. There was a finding that the construction of a building on the property was commenced in good faith and with the approval of the Briggs

Real Estate Company, but upon this particular lot only the cellar was excavated before the work was abandoned, and the value of the property was thereby increased twenty-five dollars. There are findings that no money was ever raised on the mortgage for the construction of the building; that the mortgage to Edwards and the assignment by him to Jones were without consideration; that prior to February 16, 1909, the defendant had rendered to L. E. Jones and the Jones & Ryder Land Company valuable services as an attorney at law which were reasonably worth one thousand dollars and that he had received cash payments on account amounting to two hundred and fifty dollars; and that the assignment to him of the note and mortgage aforesaid were in consideration of this indebtedness. There are also the following findings:

"At the time of the assignment of said note and mortgage to the defendant Crawford, and ever since on or about the 15th day of February, 1909, the said L. E. Jones had absented himself from the said county of Los Angeles, leaving no known address and leaving no information from which he could be located. This fact last stated was known to the defendant Crawford when he received the said assignment of said note and mortgage, and said assignment was made by and through Harriet C. Jones as attorney in fact for said L. E. Jones. On said 1st day of April, 1909, the said L. E. Jones by Harriet C. Jones, his attorney in fact, as aforesaid, in addition to executing the assignment of said note and mortgage and endorsing said note to said defendant also, at the same time, assigned and endorsed another three-thousand-dollar note and mortgage held under like conditions to the said Hugh J. Crawford, said two assignments and endorsements together constituting the satisfaction and payment of said indebtedness then existing of said L. E. Jones to said Hugh J. Crawford.

"At the time of receiving said assignments the said Hugh J. Crawford had no knowledge of the agreement above mentioned between the Jones & Ryder Land Company and the Briggs Real Estate Company, and had no knowledge that no money whatsoever had been loaned by R. D. Edwards to the Jones & Ryder Land Company, or that no money whatsoever had been borrowed on said note and mortgage, or that, in fact, no indebtedness existed thereon, and had no actual knowledge

of the transactions between the Briggs Real Estate Company and the Jones & Ryder Land Company."

As conclusions of law the court found that the mortgage of defendant was a valid lien on the property superior to the rights and claims of plaintiff and that plaintiff should take nothing by his complaint.

Appellant's theory upon which he bases his argument herein is that by purchasing the interest in the property at the sale under the trust deed he became entitled to set up any defense to the mortgage which might have been urged by the Jones & Ryder Land Company; that want of consideration and failure of consideration are good defenses in an action to foreclose a mortgage; that such defenses are available by a mortgagor or by his successor in title; that whether Crawford brings an action to foreclose the mortgage or Briggs seeks to have the cloud of the apparent lien removed, the validity and enforceability of the mortgage in the hands of Crawford is the decisive matter in the case; that a note and mortgage simultaneously executed, the note referring to the mortgage, constitute one transaction and are to be taken together; that such note and mortgage are non-negotiable, and when assigned are subject to all defenses that might be made if there were no assignment; that therefore the defense of failure of consideration may be urged by him as against Crawford; and that the circumstances under which defendant obtained the note and mortgage were sufficient to place him on inquiry and to emphasize his position as an assignee with notice of the equities.

Respondent insists that this case comes within the rule of *Lawrence* v. *Gayetty*, 78 Cal. 126, [12 Am. St. Rep. 29, 20 Pac. 382], but, as appellant indicates in his brief, there was in that case no question of foreclosure of a mortgage. It was there held that where an unqualified conveyance is made upon consideration of a promise to perform certain work and place certain improvements upon the property conveyed, and to pay the purchase price in the future, there can be no cancellation of the deeds unless fraud be established. Respondent concedes that a note secured by a mortgage is a non-negotiable instrument, within the law merchant, under the decisions of this court, but insists that there are many instances, of which the present case is an example, where defenses available be-

tween parties to the instrument may not be sustained against an assignee who has purchased for a valuable consideration. In this behalf he cites such cases as *Mohr* v. *Byrne,* 135 Cal. 88, [67 Pac. 11], and others holding that the purchaser of a chose in action takes in subordination to the existing equities of the parties to the original contract but not with implied knowledge of the claims of third parties of which the purchaser has no actual notice. But appellant contends that by becoming the owner of the record title by his purchase at the sale under the deed of trust he became not a "third party" as that term is used in the authorities cited, but a successor in interest of the mortgagor, entitled to assert all of the latter's equities against the mortgagee or his assignee. We think this contention must be sustained. This case comes within the principles announced in *Meyer* v. *Weber,* 133 Cal. 682, [65 Pac. 1110]. In that case the Webers had given a note and mortgage to the Woodbridge Canal and Irrigation Company in consideration of an agreement upon the part of the mortgagee to construct a ditch from its main canal to the land described in the mortgage. The Woodbridge Canal and Irrigation Company assigned this note and mortgage to the plaintiff and then became insolvent. The ditch was never built. Meyer sued to foreclose and this court held that the defense of failure of consideration was available against the assignee. After discussing the non-negotiability of the instrument, the court said: "The assignment and transfer of the note and mortgage in question, therefore, was without prejudice to any set-off or other defense existing in favor of the defendants Weber, the same as though there had been no assignment, and the action had been brought by the company to whom they were given. (Civ. Code, sec. 1459; Code Civ. Proc., sec. 638.) As the findings of the court show an utter failure of consideration as between the original parties, judgment properly followed in favor of the defendants." (See, also, *Higgins* v. *McDonald,* 17 Cal. 290.) If Edwards, the original mortgagee, had sued to foreclose the mortgage as against the Jones & Ryder Land Company, the original mortgagor, the partial failure of consideration would have been available as a .defense, and it is equally potent in this action as between the successors of the original mortgagor and mortgagee. (*Anglo-Californian Bank* v. *Field,* 154 Cal. 516, [98 Pac. 267].) The·

CLXII Cal.—5

rule is thus stated in 27 Cyc., p. 1324: "One about to take an assignment of a mortgage is bound in his own interest to inquire of the mortgagor as to the validity of the instrument and of the transaction on which it was founded and as to the amount due, and whether the mortgagor has any defenses or set-offs to interpose against it; if he neglects to do this he takes the mortgage subject to all infirmities or objections which could have been set up against it in the hands of the original mortgagee, being charged with knowledge of all facts which such an inquiry would have disclosed."

We do not think that because the agreement to build was a verbal one the force of the rule charging the assignee with knowledge of the equities is lessened. There is no provision of law that has been called to our attention requiring such a contract to be in writing. Where a consideration for a mortgage fails in whole or in part that fact is the essential matter to be established by the defendant in an action to foreclose or by the plaintiff in a cause like the one at bar. Whether the failure is due to breach of a written or a verbal agreement is immaterial. Even if, as respondent asserts, the agreement to build the house were one required to be in writing the court found that it was partially executed and in good faith, by the excavation of the cellar. This would take the transaction out of the statute of frauds.

We are of the opinion that even if, as the court found, Crawford took the mortgage without actual knowledge of the partial failure of consideration as between the original parties, he was charged with notice of the equities in favor of plaintiff. Nor was it necessary that notice be alleged in the complaint, as the facts were fully set forth showing the want of consideration for the original mortgage. In view of this conclusion it will be unnecessary to review appellant's argument based on the peculiar circumstances under which defendant took the assignment of this and another mortgage from his long absent client, by the latter's attorney in fact, for notes, supported by mortgages, amounting in all to about ten times the just amount of his claim as found by the court. Nor need we consider the respondent's contention that an order denying a motion to set aside a judgment is not appealable.

The judgment is reversed with instructions to the lower court to enter a judgment to the effect that upon payment by

plaintiff of twenty-five dollars into court for the benefit of the defendant, the lien of the latter's mortgage be decreed to be satisfied.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.