[Civ. No. 1143.   Second Appellate District.—December 3, 1913.]

## W. E. SMILEY et al., Respondents, v. JOHN W. WATSON, Defendant; ELLA W. BAKER et al., Appellants.

PROMISSORY NOTE—PROMISE OF PAYEE TO ADVANCE MONEY TO BUILD HOUSE—BREACH OF AGREEMENT—FAILURE OF CONSIDERATION—ACTION TO CANCEL NOTE.—Where a promissory note, secured by a deed of trust and providing that on default in payment of interest the whole sum of principal and interest shall immediately become due at the option of the holder, is executed on the oral agreement of the payee to advance the money specified therein to the makers in certain installments as the erection of a house by them progresses, and the payee advances only a small part of the money called for by the note and transfers the note before maturity and for value to one without notice, the makers can maintain a suit to cancel the note and deed of trust.

ID.—NEGOTIABILITY OF NOTE—OPTION OF HOLDER TO DECLARE DUE ON DEFAULT IN PAYMENT OF INTEREST.—Such note, secured by a deed of trust and due in three years with interest payable quarterly, is rendered non-negotiable by the clause "should the interest not be paid when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note."

ID.—CANCELLATION OF INSTRUMENTS—TENDER OF MONEY RECEIVED.—In this action by the makers to have the note and deed of trust canceled, the payment by the plaintiffs into court, at the time of bringing suit, of the small amount of money received by them from the payee, to abide the result of the action, is a sufficient compliance with subdivision 2 of section 1691 of the Civil Code relating to restoration on rescission.

APPEAL from a judgment of the Superior Court of Los Angeles County.   K. S. Mahon, Judge presiding.

The facts are stated in the opinion of the court.

Jones & Evans, for Appellants.

M. M. Ferguson, and Paul E. Ussher, for Respondents.

SHAW, J.—On January 24, 1911, plaintiffs negotiated from defendant Watson a loan of one thousand one hundred dollars with which to erect a dwelling-house upon a lot owned by them, it being orally agreed that the money so borrowed should be paid and advanced by Watson as the work progressed upon the building,—namely: one-fourth thereof when the dwelling was boarded in; one-fourth when plastered; one-fourth at the time when notice of completion was filed, and the balance thirty-five days after the filing of said notice of completion.   Thereupon, on said twenty-fourth day of January, 1911, plaintiffs made and delivered to Watson their promissory note as follows:

"$1100.00.

"Los Angeles, Cal., January 24th, 1911.

"Three years after date, for value received, we or either of us promise to pay John W. Watson, or order, at Los Angeles, California, the sum of eleven hundred dollars, with interest at the rate of twelve per cent per annum from date until paid, interest payable quarterly, and if not so paid, to be compounded quarterly and bear the same rate of interest as the principal; and should the interest not be paid when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note.   Principal and interest payable in gold coin of the United States.   This note is secured by a deed of trust to the Title Guarantee & Trust Company (a corporation) of Los Angeles, California, and may be registered when accompanied with the deed of trust duly recorded on presentation at the company's office.

"TILLIE NOPPER SMILEY,
"WILLIAM E. SMILEY."

And at the same time they made and delivered to defendant corporation a deed of trust conveying to said corporation as trustee the real estate therein described, as security for the payment of said promissory note, as well as to secure the performance of other conditions contained in said deed of trust. On January 27th following, Watson sold and transferred the note to defendant Ella W. Baker, who took the same for value and without notice of the fact that plaintiffs had not received any part of the amount of money specified in said note. On February 7, 1911, plaintiffs commenced the erection of the house, and on the seventeenth day of March, 1911, the same was fully boarded in. On March 22, 1911, and after plaintiffs had knowledge of the transfer of the note to Baker, they received from Watson the sum of seventy-five dollars, which was all that plaintiffs ever received in consideration of the making of said note and deed of trust. Thereafter, by reason of plaintiffs' default in the payment of interest on said note, appellant Baker threatened to exercise her option to declare the whole sum mentioned therein due and sue to foreclose same; whereupon plaintiffs brought this action to have the note and deed of trust delivered up and canceled and to compel a reconveyance of the property so by them conveyed to said corporation as trustee, and at the same time paid into court the sum of seventy-five dollars, so received by them from Watson, to be paid to him upon the order of the court. Judgment went for plaintiffs, from which defendants Ella W. Baker and the corporation appeal.

Appellants insist: 1. That there was no failure of consideration for the note and trust-deed; 2. Conceding such failure, the note was negotiable, acquired by defendant Baker before maturity in good faith and for value, and hence not subject to the defense of want of consideration; and, 3. Plaintiffs were not entitled to maintain the action for the reason that, prior to the bringing of suit, they had not as a condition of rescission returned to Watson the seventy-five dollars. In support of the first proposition, appellants cite the case of *Lawrence* v. *Gayetty,* 78 Cal. 126, [12 Am. St. Rep. 29, 20 Pac. 382], wherein it was held that where an unqualified conveyance is made upon consideration of a promise to perform certain work and place certain improvements upon the property conveyed and pay the purchase price in the future,

there can, in the absence of fraud, be no cancellation of the deeds for failure to make such payment. Such, however, is not this case. The promise on the part of plaintiffs to pay the one thousand one hundred dollars in accordance with the terms of the note was evidenced by writing, while the promise on the part of Watson to advance to plaintiffs the one thousand one hundred dollars in consideration of the promise contained in the note, as the building of the house progressed, was oral. The contract as to both was executory, while in the case cited title to the property was transferred by an unqualified conveyance. In *Briggs* v. *Crawford*, 162 Cal. 124, [121 Pac. 381], the facts of which are similar to those in the case at bar, it was said: ''Where a consideration for a mortgage fails in whole or in part that fact is the essential matter to be established . . . in a cause like the one at bar. Whether the failure is due to breach of a written or a verbal agreement is immaterial.'' It would be indeed a monstrous proposition to hold that one who has secured from another a promissory note in consideration that he should advance the money specified therein upon the performance of certain conditions by the maker thereof, and after such performance, could withhold payment of the money and enforce payment of the note in accordance with its terms.

In support of the second proposition, that the note is negotiable, appellants insist that the giving of a mortgage to secure payment does not affect the negotiability of a note, citing the case of *McDonald* v. *Randall*, 139 Cal. 246, [72 Pac. 997], which holds that the giving of a mortgage to secure the payment of a negotiable promissory note does not affect its negotiability. This, however, is in direct conflict with the case of *Meyer* v. *Weber*, 133 Cal. 681, [65 Pac. 1110]; *Briggs* v. *Crawford*, 162 Cal. 129, [121 Pac. 381]; and *National Hardwood Co.* v. *Sherwood*, 165 Cal. 1, [130 Pac. 881]; in which last case it is said ''the McDonald case cannot be considered as a decision overrrling *Meyer* v. *Weber*,'' and further, ''it appears to be settled by the decisions of this court that where a note is secured by a mortgage on land, both being executed at the same time, or as parts of one transaction, the note, although negotiable in form, is not negotiable in law, where the purchaser takes it with knowledge of the existence of the mortgage.'' In the Meyer-Weber case the court held

that the note and mortgage constituted one transaction, and under the provisions of section 1642 of the Civil Code, they must be construed together. While the note involved in that case did not so provide, the mortgage given to secure the same contained a provision to the effect that in case of default in the payment of any installment of interest, payable before the maturity of the note as therein provided, the payee might at his option declare the principal due immediately. The court held that such cause so inserted in the mortgage was obnoxious to the provisions of section 3088 of the Civil Code, as follows: "A negotiable instrument must be made payable in money only and without any condition not certain of fulfillment, except that it may provide for the payment of attorney's fees and costs of suit, in case suit be brought thereon to compel the payment thereof''; and also violated the provisions of section 3093, in that it constituted a contract other than one specified in the article containing these sections. The note here involved is due three years after date, with interest payable quarterly, and contains the provision that, "should the interest not be paid when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note." We are unable to distinguish a transaction where such a clause is inserted in the note from one wherein it is omitted from the note, but inserted in the mortgage construed with and considered as a part of the note. If in the latter case it renders the note non-negotiable, its insertion in the note itself must for like reasons have like effect. The weight of authority elsewhere supports the contrary view, and we would be reluctant, by reason of the importance of the question as affecting the commercial interest, in following the doctrine announced in *Meyer* v. *Weber* were it not for the fact that in the late case of *National Hardwood Co.* v. *Sherwood,* 165 Cal. 1, [130 Pac. 881], the supreme court sitting in Bank reiterated the doctrine and reasserted that such provision contained in a mortgage, but omitted from the note, is obnoxious to section 3088 of the Civil Code, and renders the note non-negotiable. While the note in question in terms fixes a time certain when it will mature, such specified time is qualified and rendered uncertain by the contingency due not only to the uncertainty as to whether or not the maker

will default in the payment of interest quarterly, but, in case he does, whether the holder will exercise his option to declare the principal due. Upon the authorities cited, we are constrained to hold that under the provisions of sections 3088 and 3093 of the Civil Code, the insertion in the note of the clause giving the holder thereof the right at his option, in case the maker failed to pay the interest quarterly, to declare the principal due and payable before the time specified for the maturity of the note, rendered it non-negotiable. Counsel in arguing the case have assumed that the law applicable to a note secured by a mortgage is likewise applicable where the security given is by deed of trust. While the distinction between the two instruments is obvious, since in reducing the security the provisions of section 726 of the Code of Civil Procedure, with reference to procedure, have no application to the deed of trust, our view renders it unnecessary to enter upon the discussion of a subject not presented either by brief or oral argument.

Under the circumstances shown, the action on the part of plaintiffs at the time of bringing the suit in paying the seventy-five dollars so received from Watson into court to abide the result of the suit, fully satisfied subdivision 2 of section 1691 of the Civil Code, which provides that the party seeking to rescind shall "restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so." Moreover, no objection based upon such ground was interposed by pleadings or otherwise in the trial court, and defendants should not be heard when urging it for the first time on appeal.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.