[Civ. No. 2006.   Second Appellate District.—September 28, 1916.]

## F. F. COPP, Respondent, v. GUARANTY OIL COMPANY (a Corporation), Appellant.

PROMISSORY NOTE—DEFAULT IN INTEREST—EXERCISE OF OPTION—TENDER—CONFLICTING EVIDENCE—APPEAL.—In an action to recover on a promissory note, which contained a provision that if interest payments were not made when due, the whole sum of principal and interest should become immediately due and payable at the option of the holder, the finding of the trial court, on conflicting evidence, that the option to mature the note had been exercised prior to the alleged tender of the overdue interest is conclusive upon the appellate court.

ID.—AGREEMENT NOT TO SELL NOTE—KEEPING OF PLEDGED STOCK AVAILABLE FOR VOTING PURPOSES—RIGHT OF PAYEE AFTER DEFAULT.—An agreement made at the time of the execution of a note and as a part of the consideration therefor that the payee would not negotiate or sell or allow the note to go out of his possession other than to deposit it in a bank until the same became due, and that he would keep certain stock delivered to the payee as collateral security at all times available, so that the maker of the note could use or vote the stock in any stockholder's meeting of the corporation, is not to be construed as an agreement which would hinder the payee from transferring the note after default had been made in the payment of interest, or for the purpose of collecting the debt.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Weaver, McCracken & McKee, for Appellant.

Clair S. Tappan, for Respondent.

JAMES, J.—This action was brought upon a promissory note executed by the defendant. Plaintiff had judgment, and a motion made by the defendant for a new trial was denied. The appeal is taken from the judgment and also from the order denying the motion.

The promissory note, which evidenced an indebtedness of fourteen thousand one hundred dollars, was dated at Los Angeles, June 14, 1911, and made payable "on or before two years after date." It contained a provision that if interest payments were not made when due, "then the whole sum of principal and interest shall. become immediately due and payable at the option of the holder." In December, 1911, an installment of interest became due, and it was because of default in the payment of this interest that the plaintiff declared an option to mature the full amount of the note. On the 29th of January, 1912, written notice was given to the defendant company of this election on the part of the plaintiff and this action was shortly thereafter brought. The payee of the note was W. H. Fuller, who, after the December interest payment became due, indorsed the note to this plaintiff. As collateral security there was delivered to the payee with the note and afterward transferred to his indorsee thirty thousand shares of the Lucky Boy Oil Company stock. In the answer of the defendant issue was raised as to the matter of the note being indorsed to this plaintiff, and it was denied that any default had been committed in the matter of the payment of interest at the time of the alleged election of the plaintiff to declare the whole amount of principal and interest due. In the separate defense, more particular reference to which will be hereinafter made, one of the allegations was that before the original payee had indorsed the note to plaintiff, tender had been made to such

payee of the amount of interest due on the note, together
with compound interest, all of which the payee refused to ac-
cept. It appeared in evidence that prior to the time this
action was brought, the representative of defendant called
upon the attorney for this plaintiff and made request to be
allowed to pay the interest, both simple and compound, which
had then accrued; that the attorney for plaintiff informed
such representative of defendant that he had no authority
to accept anything except the full amount of principal and
interest. There was a conflict in the testimony as to when
this conversation was had. Two witnesses for the defendant
testified that it occurred on the twelfth day of January, 1912
(this action having been commenced early in March of the
same year). There was no dispute in the evidence showing
that on the twenty-ninth day of January, 1912, a letter was
written by the attorney for this plaintiff to the defendant,
notifying defendant of the election of the plaintiff to declare
the whole amount of the note, both principal and interest,
due on account of the default in the payment of the install-
ment of interest which had become due in December, 1911.
The attorney for the plaintiff testified that the conversation
had with the representatives of defendant, wherein an offer
was made to pay overdue interest, occurred after the dispatch
and receipt by them of the letter wherein the option was ex-
ercised to mature the note. In the presence of this conflict
in the testimony, the findings of the trial court wherein they
are adverse to the appellant's contention as to that matter
must be sustained. We find in the transcript the record of
statements made by the learned trial judge, wherein it was
suggested as the view of the court that it was immaterial as
to whether any tender of interest was made before or after
the receipt of the written notice of election to mature the
note, because, as stated by the judge, when the parties ap-
peared at the office of plaintiff's attorney they were told that
the attorney had no authority except to collect the full
amount of the note. The trial judge declared that such a
statement made under such circumstances was sufficient to
mature the note and to show an election on the part of the
plaintiff so to do, and that any offer then made by the de-
fendant to pay the interest then owing was ineffectual. We
are hardly prepared to agree with the trial judge in this
view, but we cannot disturb the judgment because of such

31 Cal. App.—35

erroneous conclusion, for the reason that the findings as made cover the issues presented and declare that no tender as alleged was ever made. The trial court received all of the evidence touching the matter of this tender; so there was no ruling adverse to appellant by which it was prevented from showing the facts according to its contention. It may have been that, with all of the evidence before him, the trial judge in making up the findings reconsidered the passing conclusion made by him in the course of the trial and determined that the tender, if made, was made as the testimony introduced on the part of plaintiff showed, to wit, after the receipt by the appellant of the letter of January 29th notifying it of the election of plaintiff to collect the entire amount of principal and interest.

There are other matters alleged in the special defense set up in the answer as to all of which the trial judge refused to hear any testimony. Appellant very earnestly contends that such special matters constituted good defenses and that it should have been allowed to make proof of them. We quote the material portion of the answer setting up the matters adverted to:

"That at the time of the making and delivering of said promissory note by the defendant, the said W. H. Fuller agreed as a part of the consideration thereof that he would not negotiate or sell or allow said note to go out of his possession other than to deposit it in the First National Bank of Los Angeles until the same became due and that he would keep the said certificates of stock for the 30,000 shares of stock in the Lucky Boy Oil Company at all times available so that the defendant could use or vote them in any stockholders' meeting of the Lucky Boy Oil Company; that at the time of the making and executing of said note, the said defendant was the owner of a certain large portion of the capital stock of said Lucky Boy Oil Company; that the stock owned by the defendant and the said 30,000 shares owned by the said W. H. Fuller constituted more than a majority of the issued stock of said Lucky Boy Oil Company, and that the defendant purchased said 30,000 shares of stock from said W. H. Fuller for the purpose of giving to it, the defendant, the stock control of said Lucky Boy Oil Company; that at the time of said contract, the said W. H. Fuller well knew such fact and then and there well knew that the said Guar-

anty Oil Company was purchasing said 30,000 shares of stock
for the sole purpose of acquiring a majority of the stock of
said Lucky Boy Oil Company; that said Lucky Boy Oil Com-
pany is a corporation organized and existing under and by
virtue of the laws of the territory (now state) of Arizona,
and that said W. H. Fuller had been for many years the at-
torney of said company; that at the time of the making and
executing of the note mentioned in the complaint of the
plaintiff, the said W. H. Fuller was a member of the board
of directors of the defendant company; that at the time the
defendant executed and delivered said note and acquired
said 30,000 shares of stock, the said W. H. Fuller repre-
sented and stated to the defendant that no more stock could
be issued from the treasury of the Lucky Boy Oil Company;
that said Guaranty Oil Company believed said statement of
said W. H. Fuller and relied upon the same, and would not
have purchased said stock if it had not believed that said
statement was true and correct, and the said representation
of the said W. H. Fuller was the inducement which caused
said Guaranty Oil Company to purchase said stock and to
give said note; that after the said W. H. Fuller had made
said representations, this defendant discovered that the same
were false and untrue, and that said Lucky Boy Oil Com-
pany did have the right and authority to issue and sell other
stock out of its treasury other than the issued and outstand-
ing stock at the time of the execution and delivery of said
note; that said Guaranty Oil Company did not know that it
did not have such right until long after the execution and
delivery of said note; that after said transaction, said Lucky
Boy Oil Company did issue and sell other stock out of its
treasury, whereby the defendant was deprived of the control,
or the right to control, the corporate affairs of said Lucky
Boy Oil Company; that said defendant attempted by a legal
proceeding to have the issue of stock by said Lucky Boy Oil
Company cancelled and set aside but was unable to procure
the same; that thereafter the said W. H. Fuller, in violation
of his agreement not to negotiate or sell or allow said note
or said stock of said Lucky Boy Oil Company to go out of
his hands, as the defendant is informed and believes, and on
such information and belief alleges, to make it appear that
the said F. F. Copp was a *bona fide* holder of said note for
value, caused said pretended endorsement to be made

thereon, assigning and negotiating said note to the said plaintiff, whereas in truth and in fact, as the defendant is informed and believes, and on such information and belief alleges, to make it appear that the said F. F. Copp was a *bona fide* holder of said note for value, caused said pretended indorsement to be made thereon, assigning and negotiating said note to the said plaintiff, whereas in truth and in fact, as the defendant is informed and believes, and on such information and belief alleges, said endorsement was made without any consideration whatever; that it appears on the face of said note that the same is non-negotiable, and that thereupon the said plaintiff, if she ever acquired any interest or any right to sue upon said note took it subject to the aforesaid defenses existing between the defendant and said W. H. Fuller.''

It may be conceded in discussing the propositions to follow that any defenses which the maker of the note might have urged against its payee were equally available as against this plaintiff. The note was non-negotiable in form. (*Smiley* v. *Watson*, 23 Cal. App. 409, [138 Pac. 367].) We think, however, that none of the special matters set up in the answer, as we have quoted them, would constitute a defense in this action. As to the alleged agreement on Fuller's part not to negotiate or sell the note or allow it to go out of his possession, and that he would keep the certificates of stock available for use, this should not be construed as an agreement which would hinder him from transferring it after default had been made in the payment of interest. There is no allegation that the thirty thousand shares of stock of the Lucky Boy Oil Company were not at all times available for the defendant's use in the stockholders' meetings. As to the alleged representation by Fuller that no more stock could be issued from the treasury of the Lucky Boy Oil Company, it does not appear from the allegations that such statement was more than an opinion of the said Fuller, or that he made the statement with intent to deceive or with the knowledge that it was untrue. It appears in the same allegations of the answer that the defendant itself was the holder of a large number of shares in the Lucky Boy Oil Company, and presumptively as such stockholder it would have knowledge or the means of readily ascertaining the fact as to the condition of any stock that remained in the treas-

ury of the corporation. All of the alleged errors predicated upon the refusal of the court to hear testimony offered by the defendant related to the special matters set up in this answer, and, in the view we take of the case, were without prejudice to the appellant. The findings in their general form cover the issues presented, and there is some evidence to be found in the record to sustain the determination of the trial judge as to the facts.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 26, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 27, 1916.