[Civ. No. 2571. Second Appellate District.—September 5, 1918.]

EMMA V. MATHEWS et al., Plaintiffs and Appellants; FREDERICK JANTZEN, Plaintiff and Respondent, v. FRANK O. WILSON et al., Defendants and Respondents.

MORTGAGE—ACTION FOR FORECLOSURE—FRAUD BY AGENT OF MORTGAGEE. In an action by the assignees to foreclose a mortgage, where it appeared that the original owner of the property had conveyed it through one who acted as a dummy for her agent to another who, by means of fraud practiced by the agent for such owner, was induced to give his note secured by a mortgage, one-half interest in which note and mortgage went to the original owner of the land, and the other half interest to the agent's dummy through whom she had conveyed it, that after she had assigned her half interest in the note and mortgage for a valuable consideration and it had passed by mesne assignments to the plaintiffs, the mortgagor having discovered and notified her of the fraud, she repudiated the act of her agent and agreed with the mortgagor that the whole transaction should be rescinded, and in order to effect such rescission, the mortgagor, at her request, conveyed the land to a trustee nominated by her, the conveyance being in express terms, made subject to the mortgage, and she at the same time causing the other half interest in the note and mortgage to be assigned to the same trustee, thus canceling that interest by merging it in the fee, the

trial court erred in its findings and judgment in favor of the original owner, since as to the plaintiffs who were innocent parties, she, through her agent, must be deemed to have received the benefits of the transaction and must bear the burden.

ID.—LIABILITY OF PRINCIPAL.—Even, conceding in such case that the interest in the note and mortgage acquired by the plaintiff was not the interest assigned by the original owner of the land, but the interest which originally vested in the dummy of the owner's agent, nevertheless such owner was, as to the plaintiffs, in the same position precisely as though she had made the note to the plaintiffs, and executed the mortgage securing the same, since she must be deemed to have received through her agent the benefits of the transaction, and must bear the burden on the principle that no one can take advantage of his own wrong, and that where one of two innocent persons must suffer by the act of a third, he by whose negligence it happened, must be the sufferer.

ID.—NON-NEGOTIABLE INSTRUMENT—DEFENSE OF FRAUD—DEFICIENCY OF JUDGMENT.—Where the promissory note in such case was secured by mortgage, and the mortgage contained a clause under which the maturity thereof might be accelerated, the note was non-negotiable, and hence, notwithstanding the sale and transfer thereof before maturity, it was subject to the defense based upon the fraud practiced upon the maker (the mortgagor) in procuring it, and the trial court, therefore, properly refused to render a judgment for deficiency against him.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leslie R. Hewitt, Judge.

The facts are stated in the opinion of the court.

C. F. Holland, for Plaintiffs and Appellants.

Avery & French and W. A. Martin, for Defendants and Respondents.

Charles Thompson, for Plaintiff and Respondent.

SHAW, J.—In this action plaintiffs sought a decree foreclosing a mortgage made and executed by Frank O. Wilson to secure the payment of a promissory note in the sum of ten thousand dollars given by him to Maud T. Taylor and Minna Jantzen.

Judgment went for defendants; whereupon plaintiffs moved for a new trial, which the court denied, and they appeal from such order.

Stripped of surplusage and matter which can have no bearing upon the merits of the case, the complicated record discloses the following facts which, in considering the appeal, we deem pertinent to the controversy:

On May 5, 1909, Mrs. Taylor, since deceased, and for whom, as defendant, Nelle Bromley, her administratrix, has been substituted, was the owner of the land thereafter made the subject of the mortgage, and desiring to sell or exchange it, she appointed Christian Jantzen as agent to negotiate such sale or exchange, and at his request conveyed the land to his wife, Minna Jantzen, as trustee. Thereupon Christian Jantzen effected an exchange of the property with Frank O. Wilson, to whom he caused it to be conveyed by Minna Jantzen, and as a part of the consideration therefor said Wilson executed his note to Maud T. Taylor and Minna Jantzen for the sum of ten thousand dollars and as security for the payment thereof executed the mortgage in question covering the land conveyed to him by Minna Jantzen. In consummating the transaction Christian Jantzen was guilty of fraud and deceit practiced upon Wilson, as a result of which the latter was thereby induced to execute the note and mortgage. Upon discovering that he had been defrauded he, in May, 1911, notified Mrs. Taylor of such fact and she repudiated the acts of Christian Jantzen. Thereupon it was agreed by Mrs. Taylor and Wilson that the transaction should be rescinded. In order to effect such rescission Wilson, at Mrs. Taylor's request, conveyed the land to Thomas Ball in trust for her, and at the same time she caused Minna Jantzen's one-half interest in the note and mortgage to be assigned to Ball, the effect of which was to cancel such interest in the mortgage by merging the same in the fee. Prior to the rescission, however, to wit, on October 31, 1910, as found by the court, Mrs. Taylor assigned her one-half interest in the note and mortgage to one George Jude, from whom, by mesne transfers and assignments, these plaintiffs, in consideration of two thousand five hundred dollars paid therefor, acquired it. As to this last transaction, it appears from the findings that Mrs. Taylor, before learning of the fraud and deceit practiced by Jantzen as her agent upon Wilson in negotiating the ex-

change, agreed, in consideration of five thousand dollars, to
sell her interest in the note to Christian Jantzen, or Jude as
his assignee, five hundred dollars of which sum was to be
paid within thirty days, upon the making of which payment
an assignment placed in escrow was to be delivered to Jude,
and the balance of four thousand five hundred dollars was to
be paid by Jantzen when his profits from certain property
should enable him to liquidate the same. The conveyance of
the land by Wilson to Ball was in express terms made sub-
ject to the mortgage, the existence of which was thus recog-
nized.

Briefly stated, it appears that Mrs. Taylor, through her
trustee, conveyed the land to Wilson who, by means of fraud
practiced by Jantzen, the grantor's agent, was induced to
give his note secured by a mortgage upon the land for ten
thousand dollars, a one-half interest in which note was owned
by Mrs. Taylor; that after Mrs. Taylor had for a valuable
consideration sold and transferred her interest in the note
and mortgage, the fraud was discovered and it was agreed
by Mrs. Taylor and Wilson that the transaction should be
rescinded, to effect which Wilson reconveyed the land, sub-
ject to the existing mortgage given to secure the note, one-
half of which Mrs. Taylor had theretofore, by mesne assign-
ments, transferred to plaintiffs.

Conceding, as claimed by respondents, that the interest in
the note acquired by plaintiffs was not the interest assigned
by Mrs. Taylor to Jude, but that originally vested in Minna
Jantzen as a dummy for Christian Jantzen and who, through-
out the entire transaction, acted in bad faith with all parties
concerned, we must nevertheless hold that as to plaintiffs Mrs.
Taylor's position was precisely the same as though she had
made the note to the former and executed the mortgage secur-
ing the same. She, through Jantzen as her agent, must be
deemed to have received the benefits of the transaction and
her estate must bear the burden. (Civ. Code, sec. 3521.)
Under the circumstances, to hold otherwise would not only be
a monstrous doctrine, but would violate fundamental maxims
of justice, among which are: "No one can take advantage of
his own wrong." (Civ. Code, sec. 3517.) And "Where one
of two innocent persons (as plaintiffs are conceded to be)
must suffer by the act of a third, he, by whose negligence it
happened, must be the sufferer." (Civ. Code, sec. 3543.) As-

suming as true all that respondents claim as to the wrongs committed by Jantzen, both as to Mrs. Taylor and others, it was due solely to her acts that he was clothed with the powers under which he acted. As to Mrs. Taylor's administratrix, Nelle Bromley, and defendant Ball, her trustee, the order must be reversed.

Not so, however, as to defendant Wilson, against whom, as maker of the note, a deficiency judgment is asked. As we have seen, Wilson was induced to make the note by means of fraud. It contained a clause under which the maturity thereof might be accelerated, which fact and the fact that it was secured by mortgage rendered it non-negotiable (*Smiley* v. *Watson*, 23 Cal. App. 409, [138 Pac. 367] ; *Meyer* v. *Weber*, 133 Cal. 681, [65 Pac. 1110] , *Briggs* v. *Crawford*, 162 Cal. 129, [121 Pac. 381]), and hence, notwithstanding the sale and transfer thereof before maturity, it was subject to the defense based upon the fraud and deceit practiced upon Wilson in procuring it.

As to defendant Wilson, the order appealed from is affirmed; as to the other defendants, the same is reversed.

Conrey, P. J., and James, J., concurred.