[Civ. No. 2741.    Second Appellate District, Division One.—February
6, 1920.]

B. K. SMITH, Respondent, v. J. T. PETERS, Appellant.

[1] PLEADING—ACTION ON PROMISSORY NOTE—ALLEGATION OF OWNER-
SHIP—DENIAL—ISSUES—ESTOPPEL.—Where the complaint in an
action to recover upon a promissory note alleges that the plain-
tiff is the owner and holder thereof and, in the answer, issue is
made by a denial of that allegation and such issue is tried, the
defendant will be estopped from thereafter asserting that such
issue was improperly made the subject of a finding.

[2] PROMISSORY NOTE—ACCELERATION OF PAYMENT CLAUSE—EFFECT
ON NEGOTIABILITY—EQUITABLE DEFENSES.—A promissory note exe-
cuted prior to the date the uniform negotiable instruments law
became effective, April 27, 1917, and containing a clause that
"should the interest not be paid monthly then the whole sum of
principal and interest shall immediately become due and payable,"
is non-negotiable and subject to the equitable defense of want
of consideration.

2.  Provision accelerating maturity of note as affecting negotiability
thereof, notes, 35 L. R. A. (N. S.) 390; L. R. A. 1915B, 472.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Reversed.

The facts are stated in the opinion of the court.

Winslow P. Hyatt for Appellant.

Bowen & Bailie and Norman A. Bailie for Respondent.

JAMES, J.—Appeal by defendant from a judgment entered in favor of plaintiff.

This action was brought to recover upon a promissory note dated January 8, 1916, and signed by the defendant Peters. The payee in the note was A. Vitagliano. The note provided that interest should be paid at the rate of seven per cent per annum, and further contained the following clause: "Should the interest not be paid monthly then the whole sum of principal and interest shall immediately become due and payable, and interest shall be compounded monthly thereafter at the same rate." The defendant in his answer asserted that the note was given without consideration, and in conformity with the defense pleaded the court made the following finding: "The court finds that on the twenty-fifth day of February, 1916, A. Vitagliano, the payee of the promissory note involved in this action, and the defendant occupied an office together at 619 H. W. Hellman Building, Los Angeles, California. That on said date the defendant, at the instance and request of said A. Vitagliano, executed and delivered to him the certain promissory note involved in this action, in words and figures as set forth in paragraph I of plaintiff's complaint. That said promissory note was so executed and delivered for the purpose of enabling said A. Vitagliano to exhibit the same as evidence of his financial worth and that no consideration passed to the defendant in connection therewith. That said note was expressly dated as of January 8, 1916, in order that the same should appear as past due at the time of its execution and delivery." The court further found that on February 29, 1916, for a valuable consideration, the payee indorsed the promissory note and deposited it with a bank as collateral security for the payment of an indebtedness due to the bank from him, and that the said bank had no

notice of the equities existing between the parties to the note; that no demand was made upon the defendant for the payment of the principal or interest until July 2, 1917, when such demand was made by the indorsee bank. There was a further finding that upon Vitagliano failing to discharge his indebtedness to the bank, a pledgee sale was had and the note in question was sold to the plaintiff. Among the conclusions of law, the following recitation occurs: "That the promissory note involved in this action was past due, according to its terms, at the time of the delivery thereof and was therefore a note payable upon demand"; that the bank "became an innocent holder of said note before the apparent maturity thereof, and no prior demand having been made, took the same free from the defenses and equities existing between the parties thereto."

[1] The appellant makes question as to the sufficiency of the allegation of ownership of the note in the complaint, because of the fact that the only allegation appearing to show a transfer from the payee was "that plaintiff is now the owner and holder of said note." In the answer, however, issue was made by a denial of this allegation, and we will assume that that issue was tried, as the evidence is not before us and the findings determine the fact. Conceding, also, that the allegation would have been considered insufficient in the face of a demurrer, it must be held, under the authority of *Penrose* v. *Winter,* 135 Cal. 289, [67 Pac. 772], that a colorable issue was tendered, even though the allegation amounted to only a conclusion of law, and that in the absence of a demurrer the objection here made cannot be urged. The further answer is that where an issue is assumed by the parties to exist and the trial is had upon the assumption that such an issue is before the court, the parties will be estopped from thereafter asserting that such issue was improperly made the subject of a finding.

The principal argument of appellant is that as the note, considering the date shown upon its face, was transferred after maturity, it was subject, as against the claims of the indorsees, to the equitable defenses pleaded. The respondent answers this contention by authorities to the effect that, as the fact was determined to be that the note was not delivered until its apparent maturity date, it became in the hands of the holder a demand note and therefore would

not mature until the demand for payment was made, which the court finds to have been done at a later time and after the indorsee bank received the note in pledge. The following cases, which seem to support respondent's contention in this regard, are cited: *Bank of Sonoma County* v. *Gove,* 63 Cal. 355, [49 Am. Rep. 92]; *Eames* v. *Crosier,* 101 Cal. 260, [35 Pac. 873]. **[2]** The difficulty we find in applying these authorities, however, is that to us the note appears to be on its face non-negotiable rather than negotiable. If non-negotiable, it would, of course, be subject to the equitable defenses made, and under the findings of fact as settled by the trial court the defendant, rather than the plaintiff, would be entitled to judgment. The note contains the accelerating clause which we have quoted, which makes its due or maturity date uncertain. That such a note is non-negotiable was decided in *Smiley* v. *Watson,* 23 Cal. App. 409, [138 Pac. 367]. This decision is supported by the reasoning in *Meyer* v. *Weber,* 133 Cal. 681, [65 Pac. 1110]; *National Hardware Co.* v. *Sherwood,* 165 Cal. 1, [130 Pac. 881]; *Mathews* v. *Wilson,* 38 Cal. App. 148, [175 Pac. 647]; *Spotton* v. *Dyer,* 42 Cal. App. 585, [184 Pac. 23]. The late case of *Utah State National Bank* v. *Smith et al.,* 180 Cal. 1, [179 Pac. 160], contains language which might indicate a contrary view, but the court does not therein overrule its former decisions, but expressly declares that a different state of the law was being considered by reason of a stipulation made by counsel. Under the uniform negotiable instrument law now in force in this state (Stats. 1917, p. 1531) the note here sued upon would be negotiable, but that law did not become effective until April 27, 1917, more than a year after the note in this suit was made, delivered, and indorsed. It follows from these conclusions that the judgment appealed from must be set aside.

The judgment is vacated and set aside, and the superior court is directed to amend its conclusions of law to conform to the views expressed in this opinion and, upon the findings of fact as made and such amended conclusions, enter judgment in favor of defendant.

Conrey, P. J., and Shaw, J., concurred.