[Civ. No. 5778.   Third Appellate District.—May 13, 1937.]

ALFRED G. WYATT, Appellant, v. FRANK C. MORTIMER, as Receiver, etc., et al., Respondents.

Edwin J. Miller for Appellant.

Keogh, Cate & Colver, Alfred E. Cate, Fred Aberle, Don R. Lehman, Leo Goodman and Musick & Burrell for Respondents.

THE COURT.—This is an appeal from a judgment of dismissal entered upon an order sustaining demurrers to plaintiff's third amended and supplemental complaint without leave to amend.

To the original complaint, Mortimer, as receiver, demurred and the demurrer sustained, and an amended complaint immediately filed. This defendant again demurred to the first amended complaint and the demurrer overruled. Thoreson was then served under the name of John Doe, and the complaint, not being sufficient as to him, was amended, demurrer overruled, and an answer to the second amended complaint filed. The cause was then brought to trial and judgment entered for defendants. Upon a motion for a new trial this judgment was set aside. On account of certain transactions alleged to have been fraudulent and which were brought out at the trial, leave to file amendments to the second amended complaint was granted and J. M. Reynolds was made a defendant. Demurrers were again interposed, but overruled. Again facts were discovered involving a fraudulent transfer, which had taken place subsequent to the filing of the complaint and amendments, and a supplemental complaint was filed adding the Junior

Capital Company, Ltd., and Leon Herman as defendants. These parties demurred, and with the consent of plaintiff, these demurrers were sustained. A demurrer to these amendments was likewise sustained. Under the direction of the trial court the various amendments were then incorporated in a third amended and supplemental complaint. To this third amended and supplemental complaint demurrers were interposed and this time sustained without leave to amend, which brought the matter before us.

This third amended complaint is too long to more than briefly summarize, but in substance it is alleged that plaintiff was a client of the American Mortgage Company, and set forth facts showing a confidential relationship existing between them. In 1931 the amended complaint alleges the Mortgage Company advised plaintiff to purchase a $10,000 deed of trust, referred to as the Morris deed of trust, representing that it was a second lien upon property exceeding $45,000 in value and subject only to a first encumbrance of $25,000. It is then alleged that plaintiff, relying upon these statements and others made to induce him to make the purchase, acquired the Morris deed of trust. Shortly thereafter plaintiff left the state, and upon his return some three months later, found that the American Mortgage Company was in the hands of a receiver; that the representations made to him in regard to the Morris transaction were false, and that the Mortgage Company was and had been for several years, hopelessly insolvent, and that the Morris loan was not a second deed of trust, but was subsequent to the deed of trust for $25,000, and also subsequent to a second deed of trust for $10,000, referred to as the Withers deed of trust, and that the property was not worth in excess of $20,000.

It is further alleged that the second deed of trust for $10,000 was given without consideration and that the makers thereof .were relatives of certain officers of the American Mortgage Company, and acted as puppets for the Mortgage Company. Also it is alleged the receiver and certain of his agents and employees conspired to defraud plaintiff and permitted the taxes to become delinquent to the sum of $7,500, although in possession of income from the property of from $300 to $600 per month and sufficient to discharge said taxes, and that the receiver used the funds of the trust to acquire the Withers deed of trust, paying therefor the

sum of $500 in order to destroy the claim of plaintiff under his ostensible third lien.

The Withers deed of trust, it is alleged, although acquired by the trustee with the funds of the American Mortgage Company, was taken in the name of one Thoreson, who then transferred the same without consideration to his brother-in-law, one Bellhouse. Bellhouse subsequently caused the trustee to proceed to sell the property under the second deed of trust, but before the sale was consummated, plaintiff obtained an injunction enjoining the trustee from selling said property. Upon the decision in favor of defendants upon the first trial in this case, they immediately caused the trustee to sell the encumbered property, in violation of said injunction. The said trustee, so plaintiff alleges, joined the conspiracy to deprive plaintiff of his lien upon the property and purported to sell the mortgaged property to one Herman for a consideration of $3,000, although as a matter of fact Herman paid nothing, and in furtherance of the conspiracy to defraud plaintiff, Herman, without consideration, transferred his alleged title to Junior Capital Company.

It is also alleged all of these transfers were made and accepted with full knowledge of the fraudulent nature of the transactions upon the part of those involved and that they were all without consideration.

It is also alleged the deed of trust for $25,000 had outlawed several months before defendants began the foreclosure proceedings, and that the note came into the hands of Thoreson and Bellhouse after maturity and with notice, and they acquired no greater rights than was held by the original owner. The third amended complaint also set forth facts claiming a merger as to the first and second deeds of trust.

It is the contention of appellant that sufficient facts were alleged in the third amended and supplemental complaint to show that the trustee and his agents occupied a position of confidence; that the acquisition of the property in question was fraudulent, and the trustee in using the property for his own gain committed a fraud upon the creditors of whom plaintiff was one. Plaintiff also contends that defendants acquired the deed of trust after maturity; that the sale was held in violation of the injunction and that the defendants fraudulently conspired to permit taxes and assessments to go unpaid for the purpose of defrauding plaintiff, and other allegations of a similar and kindred nature.

For the right to maintain such action plaintiff cites *Briggs* v. *Crawford,* 162 Cal. 124 [121 Pac. 381], as authority for the right of a holder of a subsequent encumbrance to maintain a suit to remove, as a cloud on his title, a prior fraudulent encumbrance where the consideration had failed.

Plaintiff also relies upon the case of *Papineau* v. *Security First Nat. Bank,*▮ (Cal. App.) [46 Pac. (2d) 756], which case dealt with the culpability of a trustee and of a trustee's agent for failure to properly administer trust funds, and *Garris* v. *Mitchell,* 7 Cal. App. (2d) 430 [46 Pac. (2d) 225].)

The demurrer raised practically all of the grounds provided in the code, and it is argued by respondents that these demurrers were properly sustained. In a complaint of the length of the one before us, dealing with allegations of conspiracy and fraud and the acts and conduct of a trustee and his agents, it may well be that the pleader has failed to meet all of the objections that might be reached by special demurrer, and if a demurrer is well taken as to any of the grounds urged, the order sustaining the same must be affirmed. ▮ However, accepting the allegations of the complaint as true, as we must upon demurrer, it appears that plaintiff, by reason of the acts of the Mortgage Company and those acting with and for it, has suffered loss and damage, and if it is possible to state a cause of action that opportunity should be afforded plaintiff.

The trial court, in a memorandum opinion sustaining the demurrers and dismissing the action, found that plaintiff had been wronged but could find no remedy therefor. We believe, however, that even if the complaint in its present form does not meet all the requirements suggested by defendants, it does state a cause of action. An examination of the record shows that the complaint before the court is a third amended complaint, but due to the number of parties involved and the complexity of the issues, that is not under the circumstances, an unreasonable number of attempts to state a cause of action.

We believe, therefore, that the court should have permitted plaintiff to have amended his complaint, if so advised, in order that he might have had his remedy if one exists, for the

defendants, if liable, should be held responsible for their acts and conduct.

The trial court is therefore directed to overrule the demurrers as interposed, or to permit plaintiff, if so advised, to file a further amended complaint in the action. It may be, upon the trial, plaintiff cannot sustain the allegations of his complaint, but that is a matter not before us.

The judgment appealed from is reversed.